NEW-YORK,
May, 1806.

Defreeze
v.
Trumper.

Rule refused.

## Defreeze *against* Trumper.

In every sale of, a personal chattel, there is an *implied warranty*, in respect to the *title* of the vendor. *Aliter* as to the *quality* or soundness of the thing sold.

FROM the return to the *certiorari* in this cause it appeared, that an action of *trespass on the case*, had been brought by the present defendant, against the present plaintiff, before the justice, to recover damages for the sale of a horse, the title in which was, afterwards, proved to be in a third person, and not in the vendor. The horse had been sold by *Defreeze*, as *executrix in her own wrong*, to *Trumper*, and the administrators of the estate of the intestate, afterwards, recovered the value of the horse of the vendee. Before the trial of that cause, *Trumper* gave notice to *Defreeze*, to come forward and defend the suit. The plaintiff below recovered judgment against the defendant, for damages and costs.

*Woods*, for the plaintiff in error.

*P. W. Radcliff*, for defendant.

Several exceptions were made, and the case was submitted without argument.

The principal objection, and the only one considered in the judgment of the court, was, that the declaration did not sufficiently aver, nor the evidence establish any *warranty* or *fraud* in the sale.

*Per Curiam.* We are of opinion, that an express warranty was not requisite, for it is a general rule, that the law will imply a warranty of title upon the sale of a chattel. This rule is laid down in *the commentaries of Sir William Blackstone*, who says, *Vol 2,* 451, " that by the civil law, an implied warranty was annexed to every sale, in respect to the *title* of the vendor; and so too in our law, a purchaser of goods and chattels may have a satisfaction from the seller, if he sells them as his own, and the title prove deficient, without any express warranty for that purpose. But with regard to the goodness of the wares so purchased, the vendor is not bound to answer, unless he expressly warrants them to be sound and good, or unless he knew them to be otherwise, and hath used any art to disguise them, or unless they turn out to be different from what he represented them to the buyer." The present decision does not, therefore, interfere with that of *Seixas* v. *Woods;* ( *2 Caines* 48,) for the question in that case, arose upon the quality and not upon the title of the chattel sold, and the two cases are discriminated by the distinction taken by *Blackstone.*