COMSTOCK and others *vs.* HUTCHINSON.

In an action for the breach of a warranty of soundness on the sale of a horse, the proper measure of damages is the difference between the value of the horse at the time of the sale, considering him sound, and his value with the defect complained of.

And where the court, at the trial, charged the jury that if there was a breach of the warranty, the plaintiff was entitled to recover the difference between the price he paid for the horse and the amount he realized on a resale thereof; *held* erroneous, and the judgment was reversed.

ERROR to the superior court of the city of New-York. The facts appear in the opinion of the court.

*Gilbert & Sherwood*, for the plaintiff in error.

*N. B. Blunt*, for the defendant in error.

*By the Court*, MITCHELL, J.   Hutchinson sued the Comstocks for breach of warranty on the sale of a horse. The warranty was that he was sound and kind. The horse was sold by the Comstocks to Hutchinson between the 16th and 23d October, 1845, for $215,16, and had been bought in the previous spring for $190. On the 23d of October, a veterinary surgeon examined the horse, and pronounced him unsound, and that the unsoundness was of a chronic character.   He had, however, never seen the horse before, and at this time saw him only for fifteen minutes.  The other witnesses all agreed that the lameness was only of a temporary character, and was occasioned by overheating and exposure to cold, and was cured in a few days ; and that the horse was a very valuable horse.   One said that "for size, shape, strength, appearance and durability, he could not be beaten."   After the plaintiff had sold the horse he expressed his regret, and said that if he had him back he would not part with him for any money.   The evidence of the value

of the horse was, that it was sold at Tattersall's on three days' notice, without warranty of any kind, for $100 gross, and that $8 were deducted from this sum for his keeping ; but the keeper said he did not consider sales there a test of value. The person who bought it would have given $250 for it; and in a few weeks he got what was equivalent to between $300 and $400 for it. One witness said that he should not have given $1 less for the horse an account of the splint on him. In three or four days after the sale at Tattersall's, the purchaser had the horse's shoes, which did not fit him, taken off, and in two or three days the horse recovered entirely, and had not the least difficulty afterwards. The evidence thus left no doubt, that if the horse was unsound, it was only on account of a temporary lameness, which was easily cured, and which did not very greatly affect the value of the horse. The injury was in fact the loss of his use for between two and three weeks ; and with proper attention this loss might have been reduced to about one week.

The court below charged that if there was a breach of the warranty, the plaintiff was entitled to recover the difference between the price he paid for the horse and the amount he realized on the resale; which was the difference between $92 and $215,16 ; and the jury accordingly found for the plaintiff $123,16. To this charge the defendant excepted.

It was correctly admitted on the argument, that the true rule of damages was that laid down in *Cary* v. *Gruman*, (4 *Hill*, 625,) viz. the difference between the value of the horse if sound, and the value of the same horse in his unsound state. (*See* 4 *Hill*, 629.) And the counsel for the defendant in error contended that the rule laid down in the court below was more favorable to the defendants, than the true rule. But it is evident from the statement of facts above made, that the injury was so slight that it could not have amounted to the sum found by the jury ; and that if the jury had had the true rule submitted to them they might have found very differently. But under the instructions of the court they had no choice but to find the precise sum which they did. Under the true rule, they might have agreed with the witness Hollis, that the unsoundness did not

injure the value of the horse $1—or more probably not more than the value of his use for one or two weeks. When so plain an injury is done to the defendants, and the charge is incorrect in law, they are entitled to relief.

It is true that the defendants did not state to the court below what the true rule of damages was, nor did they give any evidence, except that of Hollis, decidedly and pointedly applicable to that rule ; and if it were not plain that injustice has been done to them, it might be proper to hold that they should have called the attention of the court to the correct rule, and not have rested merely on an exception to the charge. The bill of exceptions does not, however, state what points were presented by the counsel ·on .either side; although unquestionably they must have been raised. It is as probable, therefore, that the counsel had stated their views as to the measure of damages, as that they did so as to other matters as to which the court charged; and that it was not deemed necessary to insert those statements in the bill of exceptions. Under these circumstances the exception should be deemed sufficient; especially as the defendant will ultimately have to pay the costs, if the plaintiffs should recover an amount sufficient to carry costs.

Judgment should be reversed, and *venire de novo* should be granted in the supreme court, with costs to abide the event. (4 *Hill*, 630.)

