Barton v. Faherty.

Judgment affirmed.

*D. F. Spurr* and *Platt Smith*, for plaintiff in error.

*Van H. Higgins* and *T. S. & D. S. Wilson*, for defendant.

————o ⊕ •————

## BARTON *v.* FAHERTY.

B, sold to F. a horse which had been stolen by R., and taken from F. by the owner; held that F. could recover in assumpsit the price paid for the horse, even if the thief had not been tried.

In the sale of chattels where the seller had possession. the law implies a a warranty of title, and a promise to refund is implied, if he did not own the property sold.

ERROR *to Delaware District Court.*

*Opinion by* GREENE, J. This was an action of assumpsit commenced by John Faherty against Isaac Barton, to recover back the purchase money of a stolen horse. By an agreement before this court, it is admitted that the plaintiff in the court below proved that Barton sold him the horse in June, 1849, and that soon after the horse was taken from Faherty by one Rose, from whom he was proved to have been stolen; that Faherty paid Barton sixty-five dollars for the horse, and that, although B. stole the horse, he had not been convicted or acquitted of such stealing. Under this state of facts it was decided, by the court below, that the

Barton *v.* Faherty.

plaintiff might recover the value of the horse in this action. It is now claimed that the decision below is erroneous; that the plaintiff could not recover until the defendant had been tried for the felony; and that assumpsit will not lie, even if the plaintiff could recover in the proper action. In support of this position it is assumed that a felony cannot be made the foundation of a civil action. But is a felony made the foundation of this action? It appears that Barton sold Faherty a horse to which he had no title. In every sale of chattels, where the seller has possession of the articles and he sells as his own and not as agent for another, the law implies a warranty of title. Com. on Con. 145; 3 Black. Com. 165; 2 Kent. 478; *Defreeze* v. *Trumper*, 1 John. 274. The law is equally well settled that the purchaser may have a satisfaction from the seller if the title proves deficient.

In this case, when Barton received the money a promise was implied in law, that if he gave Faherty a horse to which he had no title that he would refund the money. It appears that Barton had no title to the horse, and that the true owner established his right to the horse and took him from Faherty; hence Faherty could recover the purchase money in assumpsit on Barton's implied promise. This civil action then is not founded upon a felony, but upon a transaction in which the defendant received money, from the plaintiff, for a horse to which the defendant had no title. The action is not commenced for the value of the horse by the owner against the thief, but it is by a third party, to recover money which had been received from him without consideration.

But under the statute of this state—Rev. St. 175, § 48—a person losing property by larceny, robbery, or burglary may maintain his action against the felon or against any person in whose possession the same may be found. May not a third person then, with much greater propriety, bring suit against the felon, not for stealing the horse, but for

Barton *v.* Faherty.

having received from him money for a horse to which the felon had no title. This action cannot be regarded as merged in the felony because it is not founded upon the felonious act, but upon a subsequent and separate transaction. Hence the English authorities cited by counsel are not applicable to this case. But the doctrine is not recognized in England to the extent claimed by counsel; it is merely regarded by the English judges as against the policy of the law to permit a party who has suffered by the crime of another, to seek his remedy in a civil action, because he would be the less ready to bring the offender to justice. But this policy is not recognized by the laws of Iowa. We can find no American authority that would prohibit a party from his remedy by civil action, for an injury occasioned by the crime of another. *Boardman* v. *Gore*, 15 Mass. 331. Where the felony is punishable with death, there is some reason why the felon should not be sued in a civil action until after acquittal or pardon, for if convicted he might be executed and on the principle that all felonies include a trespass, the action would die with him. But, we think, no good reason can be suggested why an injured party may not have an action for his damages where the wrong doer is living.

We conclude, then, that the court below correctly decided that the plaintiff might recover the value of the horse in this action.

Judgment affirmed.

*T. S. Wilson* and *P. Smith*, for plaintiff in error.

*T. Davis* and *F. E. Bissell*, for defendant.