## EDWARD FALES *v.* THOMAS McKEON.

Where a horse is sold by written bill of sale, containing a warranty as to soundness, the writing merges all cotemporaneous parol agreements—*e. g.*, an agreement that the seller will take back the horse and refund the money within a specified time,—and the purchaser is limited, in his recovery for any defects warranted against, to such damages as arise from a breach of the written warranty.

The measure of damages, in an action for breach of warranty of soundness on the sale of a horse, is the difference between the value of the horse at the time of sale considered as sound, and his value with the defects shown.

And where, in such an action, the plaintiff fails to furnish any proof of damage within this rule, the complaint should be dismissed.

APPEAL by defendant from a judgment of the Third District Court. The facts of the case are fully stated in the opinion.

*Pattison & Walton*, for the appellant.

*Henry H. Morange*, for the respondent.

By the Court, HILTON, J.—The plaintiff sues to recover damages alleged to have arisen from the sale of a horse by the defendant. It appears that in June, 1857, the defendant sold and delivered to Henry H. Morange a stud horse, wagon, harness, blankets, &c., for the sum of $200, and, on receipt of the price, executed and delivered a bill of sale, containing a warranty that the horse was sound, with the exception of being sprung in the knee. At the same time, as the plaintiff alleges, the defendant verbally agreed that if, at any time within six months, the things thus sold were returned to him, he would refund or return the money paid for them. After the purchase, the horse was stabled with the defendant about three weeks, when Morange removed him ; and it was only after this removal, and after the horse had been frequently driven by Morange, that he became convinced that the horse was foundered, and otherwise unsound. He then requested the defendant to take back the articles sold and return the money, which was refused.

In November, 1857, Morange, by parol, assigned to the plaintiff his claim for the money thus paid, and damages ; and, under the assignment thus made, the plaintiff seeks to recover in this action $250, being for the money paid at the time of sale, for damages arising out of a breach of the warranty by reason of the unsoundness of the horse, and also the expense paid and incurred in keeping and endeavoring to effect his cure, and in repairing the wagon. It does not appear that, at the time of the sale, a particular sum was named as the value of each article sold ; but the whole was sold in one lot, at the stated price.

On the trial before the justice, evidence was admitted, on the part of the plaintiff, showing the expense of keeping the horse

from the time of his removal from the defendant's stable, and also respecting the alleged verbal agreement to take back the horse, made by the defendant with Morange at the time the bill of sale was delivered and the price paid. The defendant objected to the admission of this testimony, but the justice permitted it to go to the jury. No evidence was introduced by the plaintiff respecting the value of the horse, either with or without the alleged defects; while the testimony on the part of the defendant showed that, at the time of the sale, the horse was actually worth $125, and the wagon, harness, &c., about $100. After much conflicting evidence relative to the soundness of the horse, at the time of sale, the case was submitted to the jury, who ren-dered a verdict in favor of the plaintiff for $180.

Prior to this, however, and after the plaintiff rested, the defendant moved to dismiss the complaint upon the following grounds, with others: 1st. That a mere verbal assignment of the claim sued upon, conferred no right of action upon the plaintiff, as against the defendant; 2d. That no damages were proved to have been sustained by Morange, or by the plaintiff as assignee or otherwise, by reason of any alleged unsoundness of the horse. The motion was denied; and, on this appeal, we are asked to review the decision of the justice thus made, and also to reverse the judgment appealed from, on the ground that it is against the evidence.

From the statement of the case I have here given, it is quite obvious that, if the plaintiff acquired any right of action whatever against the defendant, by reason of the parol assignment of the claim of Morange, he was limited in his recovery to such damages as should be proven to have resulted from a breach of the warranty contained in the bill of sale, and which, being in writing, merged all cotemporaneous verbal agreements between the parties to it. 1 Greenleaf's Ev. §§ 275, 276. These damages would consist of the difference between the value of the horse at the time of sale, considering him as sound, and his value with the defects alleged. *Voorhees* v. *Earl*, 2 Hill, 288; *Cary* v.

*Gruman,* 4 Id. 625; *Comstock* v. *Hutchinson,* 10 Barb. 211 ; Sedg-wick on Meas. of Damages, 290.

The plaintiff having neglected at the trial to furnish any proof of damage within the rule stated, the justice erred in refusing to dismiss the complaint; and, as the evidence subsequently introduced by the defendant showed that the horse, wagon, and harness were, at the time of the sale, actually worth more than the price Morange paid for them, the verdict of the jury was against the evidence, and the judgment must be reversed.

Judgment reversed.