Wɪʟʟɪᴀᴍ McGɪғғɪɴ, Jr., Respondent, v. Joʜɴ Bᴀɪʀᴅ,
Appellant.

In the absence of fraud a vendee of personal property cannot set up a
defect of title in his vendor and a notice of claim by a third person
as a defence to an action for the purchase money, unless he has either
returned the property to the vendor, has had his possession interfered
with, has had a recovery against him by the claimant, or has paid such
claimant for the property.

He can only rely upon an express or implied warranty of title, the effect
of which is to guarantee him against eviction or injury from other
parties, and until this occurs he is entitled to no indemnity.

Nor is the defect of title available to sustain a defence of want of con-
sideration, the vendee having received possession with the *indicia* of a
good title and the personal obligation of the vendor.

(Argued June 9, 1875; decided June 22, 1875.)

Aᴘᴘᴇᴀʟ from judgment of the General Term of the
Supreme Court in the third judicial department, affirming a
judgment in favor of plaintiff, entered upon the report of a
referee.

This action was brought to recover the purchase-price of
ten calves alleged to have been sold and delivered by plaintiff
to defendant. Defendant set up in his answer, among other
things, in substance, that plaintiff was not the owner of the
calves, but that they belonged to one Morse, who had notified
defendant of his claim and demanded pay for them.

The referee found the following facts:

That on or about the 23d day of January, 1871, one Wil-
liam McGiffin, the father of the plaintiff, rented a farm in
Hammond, N. Y., from Abel P. Morse, by an instrument in
writing, which granted to him the use thereof for one year,
at the rent of $760, Morse to leave on the place twenty-
seven cows and three heifers. The lease contained this clause:
" Said Wm. McGiffin also further agrees that the cows and
heifers, when returned at the end of said time, to be in as
good condition as when received; and either in calf, or calf
at side. And has no right to dispose of any stock from said

farm.  And expressly agrees that said Morse shall have all
the calves from Ayrshire stock at the price of common calves,
if said Morse wants them."  McGiffin went into possession
of said farm and the personal property referred to in said
lease, in accordance with the provisions thereof.   On or about
the 25th day of July, 1871, the plaintiff sold and delivered
to the defendant ten calves, at the stipulated price of fifty-two
and one-half dollars, none of which has been paid.   That
nine of the ten calves were the offspring of the cows leased
with the farm by the said Morse to the said McGiffin, the
elder, and had prior to the sale to the defendant been sold by
the said McGiffin, the plaintiff, without the consent of the
said Morse.   That there was about $800 due from said
McGiffin, to the said Morse, upon the lease.

. As a conclusion of law, that the plaintiff was entitled to
judgment for the contract-price, which was rendered accord-
ingly.

*William Holbrook* for the appellant.   Plaintiff's title to
the property being defective he cannot recover.  (*Case* v.
*Hall*, 24 Wend., 102, 103; *Becker* v. *Vrooman*, 13 J. R.,
302; *Sweetman* v. *Price*, 26 N. Y., 232; *Fitzpatrick* v.
*Caplin*, 4 E. D. S., 365, 367.)

*Vary & Stone* for the respondent.   Defendant could not
set up a defect of title in plaintiff.  (*Burt* v. *Denny*, 40 N.
Y., 283; *Sweetman* v. *Prince*, 26 id., 233; *Vibbard* v. *John-
son*, 19 J. R., 77; *Rindskoff* v. *F. L. and T. Co.*, 58 Barb.,
36, 50; *Lamerson* v. *Marvin*, 8 id., 9; *Case* v. *Hall*, 24
Wend., 101; *Hooser* v. *Cory*, 34 Barb., 9; *Andrew* v. *New-
comb*, 32 N. Y., 417.)

CHURCH, Ch. J.   Assuming that Morse, under the contract
of letting to the plaintiff's assignor, had the legal title to the
calves sold to the defendant, I do not see under the adjudi-
cations on the subject how the latter can resist the claim to
recover the purchase money.  First, can he do it upon the

ground of fraudulent concealment on the part of the plaintiff as to his title? A conclusive answer to this point is, that there is no finding of fraud by the referee, and we have repeatedly held that we cannot resort to the evidence for the purpose of reversing a judgment. But it would be difficult to find fraud from the evidence. Both the plaintiff and his father testified that Morse gave permission to sell the calves, and although the referee has found against the fact that such permission was given, yet if the plaintiff had reason to believe, and did believe that he had such right from what Morse told him, or otherwise it might relieve him from the charge of fraud. The contract itself is not very clear as to the title of the calves, and there is no positive evidence that the plaintiff knew its terms; and besides, fraud is not set up in the answer. There may be cases where a fraudulent affirmation or representation of title by a vendor of personal property, would render him liable to an action for damages upon proof of its falsity, and so of a fraudulent concealment, if the circumstances are sufficient to establish it, and in such cases the vendee may interpose the same as a defence or counter-claim in an action for the purchase money. But in the absence of fraud he can only rely upon an express or implied warranty of title. In every case of a sale of personal property there is an implied warranty of title, and this is analogous to a covenant for quiet enjoyment of land. (40 N. Y., 283; 26 id., 233; 19 J. R., 77.) The effect of such a warranty is to guarantee the purchaser against eviction or injury from other parties. If the property is taken from the purchaser by title paramount, or if the purchaser is compelled to pay to the true owner the value of the property, in either case it is a defence to an action for the purchase money. So if the vendee returns the property upon discovering the defect of title, he may have an action upon the implied warranty and of course a defence to an action for the purchase-price, in which case he assumes the *onus* of proving title in a third person; and upon the same principle, if for any reason it is impracticable or even undesirable to return the property, perhaps the purchaser

may pay the claimant its value without legal proceedings, and avail himself of it as a defence, upon assuming the burden of establishing the validity of the claim. This is the extreme extent of the rule of protection recognized in any adjudged case, and it appears to me is as far as it would be safe to carry the rule consistently with the rights of the vendor.

The defendant in this case did not bring himself within any aspect of the rule. He had neither returned the property, nor had his possession been interfered with, nor had any recovery been had against him, nor had he paid the claimant of the property any thing. All that had been done was the claimant had given the defendant notice of his claim. NELSON, Ch. J., in *Case* v. *Hall* (24 Wend., 102), says: "Possibly the owner may never claim and enforce his title, or if he does, the seller may settle with him. The breach implies no bad faith, and is therefore compatible with perfect fair dealing between the parties, and the indemnity is complete by responding therefor, after a recovery under the paramount title."

The point urged of a want of consideration is answered by the views already expressed. The defendant received the possession of the calves with all the *indicia* of a good title, and also the personal obligation of the plaintiff, that the title was perfect, and for aught that appears in the case he has enjoyed and will continue to enjoy the full benefit of his purchase.

The judgment must be affirmed.

All concur.

Judgment affirmed.