MORRIS F. SHEPPARD, PLAINTIFF, *v.* FRANK EARLES, DEFENDANT.

*Sale of property under chattel mortgage — no implied warranty of title arises.*

Upon a sale of property, by virtue of a chattel mortgage, the proceeding is notice to the public that the mortgagee is selling not his own title to the property, but that which he has acquired through the mortgage, and no warranty of title of the property so sold is to be implied against the mortgagee.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

*Brown & Wood,* for the plaintiff. The defendant, in selling the horse to the plaintiff, must be held to have warranted the title. (*Defreeze* v. *Trumper,* 1 Johns., 274; *McCoy et al.* v. *Archer,* 3 Barb., 323.) It is immaterial even if buyer have notice of a prior claim, as for instance a levy. He may purchase and rely on the

warranty. (*Dresser* v. *Ainsworth*, 9 Barb., 619 ; opinion of Justice WELLES, 625 ; Story on Contracts, §§ 832, 833, and note.) The plaintiff having alleged and proved his special damage, *i. e.*, the action against him, the notice to defendant and his failure to defend, the recovery against him and his own costs and expenses in the defense, is entitled to judgment for the full amount of the recovery and his expenses. (*Brewster* v. *Countryman*, 12 Wend., 446 ; *Delaware Bank* v. *Jarvis*, 20 N. Y., 226 ; *Whitney* v. *National Bank*, 45 id., 303.)

*D. B. Prosser*, for the defendant. The rule of implied warranty is founded upon the ground that a party in the possession of personal property, and selling it as his own, is bound to know the source of his title, and whether he is the owner or not. (*Hoe et al.* v. *Sanborn*, 21 N. Y., 552.) Unless the party selling is in the possession, it is well settled that there can be no implied warranty. (*McCoy et al.* v. *Archer*, 3 Barb., 323 ; *Edick* v. *Crim*, 10 id., 445 ; *Scranton et al.* v. *Clark*, 39 N. Y., 220.) The most that the plaintiff would have been entitled to recover, even if there could be a warranty implied, was the sum of sixty-five dollars and fifty cents, paid by him to the defendant, and the interest and costs. It has been frequently held that the warranty of the title of personal property was similar to the covenant for quiet enjoyment. Under such a covenant the plaintiff can recover only the sum paid, with interest and costs. (*McCoy* v. *Archer*, 3 Barb., 323 ; *Rew* v. *Barber*, 3 Cowen, 286 ; *Burt* v. *Dewey*, 40 N. Y., 283 ; S. C., 31 Barb., 540 ; *Sweetman* v. *Prince*, 36 N. Y., 224, page 233 at the end of the opinion.)

MULLIN, P. J. :

This action is brought to recover of the defendant damages for a breach of warranty of the title to a horse, sold by the defendant upon a chattel mortgage given to the plaintiff by John O'Neil, to secure the payment of fifty dollars on the first of October next after date of said mortgage. The mortgage was dated 14th April, 1875, and was upon a pair of horses and a wagon.

When the debt became due it was not paid, and defendant delivered the mortgage to one Payneer to get the money upon it, and if

not paid to sell .the mortgaged property. On the 27th December, 1875, the debt not having been paid, Payneer took possession of one of the horses and sold it at public auction to the plaintiff, who was the highest bidder, and he paid the purchase-money. Soon after the sale, Catharine O'Neil claimed that the horse sold was hers, and she sued the plaintiff and recovered judgment against him for the value of the horse, together with costs of the action.

The plaintiff then brought this action, and on the trial the court directed a verdict in favor of the plaintiff for the amount of the judgment recovered against him by Mrs. O'Neill and the costs paid by him to his own counsel for defending the action. It appeared upon the trial that the plaintiff, after the action was brought against him, gave notice of that fact to the defendant and requested him to defend the action. This the defendant refused to do. A witness for the defendant testified that during the sale, and before the horse was struck off to the plaintiff, he informed the plaintiff that Mrs. O'Neil claimed the horse to be her property and that she was going to sue for it. The plaintiff was examined as a witness in his own behalf, and denied that he was informed, before the horse was struck off to him, of the claim of Mrs. O'Neil.

It is well settled that on a sale of personal property by a person in possession a warranty of title is implied. (1 Wait's L. and P., 530; McCoy v. Artcher, 3 Barb., 323; Scranton v. Clark, 39 id., 273; Defreeze v. Tremper, 1 Johns., 274.) But when the sale is made by an officer or trustee no warranty of title is implied. (1 Chitty on Con., 626, note 10.) It seems to me that a warranty of title of property sold by virtue of a chattel mortgage should not be implied against the mortgagee. The proceeding is notice to the public that he is not selling his own title to the property, but the title he acquired through the mortgage. (Rudderow v. Hunting ton, 3 Sandf., 252.) If I am right in this, the recovery against defendant for the costs of the suit brought by Mrs. O'Neil was illegal.

New trial granted, costs to abide event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

New trial ordered, costs to abide the event.