JOHN J. O'BRIEN, Appellant, *v.* CHARLES JONES, Assignee, etc., Respondent.

In an action by a vendee of personal property against his vendor for breach of warranty of title, express or implied, damages can only be recovered for actual loss.

The plaintiff in such action must establish that his vendor is without title; that another is the true owner; and that he has restored the property to such owner, that it has been taken from him under compulsory proceedings, or that he has parted with money or property in consequence of a judgment obtained against him, or voluntarily in answer to a claim made for the property.

(Argued December 13, 1882; decided January 23, 1883.)

APPEAL from an order of the General Term of the Supreme Court of the city of New York, made December 30, 1880, sustaining exceptions ordered to be heard at first instance at General Term, and directing a new trial.

The nature of the action and the material facts are stated in the opinion.

*Thomas G. Shearman* for appellant. The sale of a chattel, of which the seller is in possession, raises an implied warranty of title. (*McCoy* v. *Artcher*, 3 Barb. 323; *DeFreeze* v. *Trum-*

*per*, 1 Johns. 274 ; *Thurston* v. *Spratt*, 52 Me. 202 ; *Trigg* v. *Ferris*, 5 Humph. 343 ; *Boyd* v. *Bopst*, 2 Dall. 291 ; *Eichholz* v. *Banister*, 17 C. B. [N. S.] 708 ; *Adamson* v. *Jarvis*, 12 Moore, 253 ; Story on Agency, § 107.) A principal who accepts the benefit of any act of his agent ratifies the whole transaction. (*Decker* v. *Judson*, 16 N. Y. 446 ; *Cobb* v. *Dows*, 10 id. 335 ; *Turner* v. *Burrows*, 8 Wend. 144.) If the plaintiff had not sold the iron, he would have been entitled to recover the full market price as the measure of damages. (*Simons* v. *Patchett*, 7 E. & B. 568, 572 ; *Bain* v. *Fothergill*, L. R., 7 H. L. 159, 211.) Where the vendor contracts to sell property with knowledge of the facts which show that he has no title, he is bound to make good to the vendee the loss also of the bargain sustained by his default, and this, whether he acted in good or bad faith. (*Mack* v. *Patchin*, 42 N. Y. 167, 175 ; *Pumpelly* v. *Phelps*, 40 id. 60 ; *Trull* v. *Granger*, 8 id. 115 ; *Driggs* v. *Dwight*, 17 Wend. 171 ; *Giles* v. *O'Toole*, 4 Barb. 261.) If the measure of damages was only the price paid, yet the defendant had nothing to do with the profit the plaintiff made upon the part resold, and would have been liable for the *pro rata* price of the seventy-one tons which he had been deprived of. (*Bagley* v. *Smith*, 10 N. Y. 489 ; *Carpenter* v. *Stilwell*, 11 id. 61 ; *Kelly* v. *N. Y. C. R. R. Co.*, 24 How. 172.) A mere general exception to a direction to find a verdict for the plaintiff amounts to nothing, especially when the defendant has moved to dismiss the complaint. (*O'Neill* v. *James*, 43 N. Y. 84, 93 ; *Winchell* v. *Hicks*, 18 id. 558 ; *Barnes* v. *Perine*, 12 id. 18 ; *Mallory* v. *Tioga R. Co.*, 5 Abb. [N. S.] 420.) It was not necessary to prove eviction by judicial process. (*Bordwell* v. *Collie*, 45 N. Y. 496.)

*Jones, Rosevelt & Carley* for respondent. Though in the sale of personal property in possession of the vendor there may be an implied warranty of title, yet there can be no recovery without proof of actual damage or loss. (*Burt* v. *Dewey*, 40 N. Y. 483.) In an action for a breach of warranty of title,

the rule of damages is the price paid by the vendee with interest. (*Case* v. *Hall*, 24 Wend. 102; *Burt* v. *Dewey*, 31 Barb. 540; *Atkins* v. *Hosely*, 3 T. & C. 322, 328; *Armstrong* v. *Percy*, 5 Wend. 535.) Profits are never allowed. (*Blanchard* v. *Ely*, 21 Wend. 342.)

DANFORTH, J. The action is for breach of warranty of title to personal property, and stands on these facts: In November, 1873, the defendant having in his possession certain "iron stills," set in brick, undertook to dispose of them at public auction "for cash on delivery." The terms of sale provided that the articles should be taken down by the purchaser and weighed at his expense. They were struck off to Cassidy, who afterward transferred his interest under the bid to Carroll, and he paid the defendant, as on Cassidy's purchase, $950. That sum was less than the bid and was received as partial payment. He began to remove the stills, but made delay, whereupon the defendant notified Cassidy in writing "that the goods purchased" by him must be removed from the premises at once, and Cassidy sent the notice to Carroll. The notice was not obeyed, and on the 15th day of May, 1874, the defendant offered for sale at auction the remaining stills. They were bid off by the plaintiff, and Carroll claiming to be the owner, the defendant said his "claim was no good," and thereafter the plaintiff paid, according to his bid, the sum of $1,216.78, and received the iron. He has since sold it in parcels to different persons for an aggregate sum of $3,077.60, more than half of which has been paid. A portion went to Jones, Henry & Co. for $1,992.06, of which they paid $840, but refuse to pay the balance, viz.: $1,152.06.

The defendant requested the trial judge to dismiss the complaint upon the grounds, among others, *first*, that no title vested in Cassidy under the contract; *second*, that it did not appear that the plaintiff had sustained any damage or loss by reason of the alleged failure of title. The request was denied. The defendant, having called no witnesses, further requested the court to charge that only nominal damages could be allowed, and this

was refused. These rulings were excepted to by defendant. The court at plaintiff's request then directed a verdict for him for a sum equal to the amount unpaid by Jones, Henry & Co. with interest, viz.: $1,600.73. The defendant excepted. The exceptions were ordered to be heard in the first instance at the General Term, and in the mean time judgment to be stayed. The General Term has sustained the exceptions and ordered a new trial. The plaintiff, upon the usual stipulation, appeals to this court.

The trial court must have proceeded upon the ground that the title to the stills passed out of the defendant upon the sale to Cassidy, and that the plaintiff would be liable to Cassidy's vendee, Carroll, for converting the property. The General Term was of the contrary opinion, holding that as the sale to Cassidy was for cash and the price not paid, the title remained in the defendant, and that the notice given by him implied a demand to pay the sum due, and it not being complied with he had a right to resell. These questions were fairly presented upon the trial, but we deem it unnecessary to consider them, for however determined, there was still no proof upon which the plaintiff could succeed. The action was for damages and comes within the general rule, which denies a recovery when actual loss is not proven. Carroll had instituted no action against the plaintiff, nor had the plaintiff returned the property either to Carroll or the defendant, nor paid Carroll therefor, nor had he been asked to do so. As the case stands the plaintiff has sold the property, received payment in part, and has a claim against his vendees for the balance of the price of that portion bought by them. It is true that Carroll commenced an action against Jones, Henry & Co. for the property bought by them, but it does not appear that they have either surrendered it, or called upon their vendor (the plaintiff here) to defend. I think, therefore, the complaint should have been dismissed, upon the ground that the plaintiff had sustained no loss or damage by reason of the alleged failure of title. There is no pretense that the defendant was guilty of any fraud in bringing about the sale of this property.

On the contrary, the case made upon the trial and now argued for the defendant is that of a sale accompanied by an express as well as an implied warranty of title to the goods sold. There was evidence of both. This covenant in the sale of chattels is likened to the covenant for quiet enjoyment of land (*Bordwell* v. *Collie*, 45 N. Y. 494; *Delaware Bank* v. *Jarvis*, 20 id. 226; *Burt* v. *Dewey*, 40 id. 283); and when the vendee relies upon it he must either restore to the true owner the property in question, or be prepared to prove its loss under compulsory proceedings, or the payment of money through judgment obtained against him, or voluntarily, in answer to a claim made, and in that case must also affirmatively establish that the claimant was the true owner and that his vendor was without title. This rule has been sustained by authority and is now to be deemed well settled. (*Case* v. *Hall*, 24 Wend. 102; *Delaware Bank* v. *Jarvis, supra* ; *Burt* v. *Dewey, supra* ; *Bordwell* v. *Collie, supra* ; *McGiffin* v. *Baird*, 62 N. Y. 329.) These cases go upon the principle that in an action for breach of such a contract, damages can be recovered for actual loss only and not mere liability to loss, and are decisive against the plaintiff. The iron was delivered to him, and he in turn disposed of it for his own profit and still retains the price. Possibly the person whom he now alleges to be "the owner may never claim and enforce his title, or if he does, the seller may settle with him," as was suggested in *Case* v. *Hall* (*supra*). It is true that the vendee is not required to wait until moved by judicial proceedings (*Bordwell* v. *Collie, supra*); he may give up the property or make compensation without waiting the result of a legal contest, but one or the other he must do before he can recover against his vendor for breach of warranty.

In *Defreeze* v. *Trumper* (1 Johns. 274) the true owner had recovered of the vendee the value of the property. In *Case* v. *Hall* (*supra*), the defendants, being sued for the purchase-price of certain timber, set up that the plaintiff had no title to the timber, and that the real owner had notified the defendants that he would hold them responsible for it ; but there had been no recovery by the real owner, and the defense failed, NELSON,

J., saying "it would be highly inequitable to permit the vendee to retain the possession or enjoy the use of the property thus acquired, and put his vendor at defiance," and referring to an action by the vendee, founded on an express or implied warranty of title, lays down the rule that a recovery by the real owner is the only evidence of the breach of contract, and must be shown before such action can be maintained. This was followed in *Delaware B'k* v. *Jarvis* (*supra*), by the declaration that in a sale of chattels with such warranty of title, in the absence of an actual dispossession under a better title, no breach can be alleged without a suit and judgment at law against the title of the vendor, COMSTOCK, J., saying "it has never been held that the mere want of title without eviction or judicial determination will sustain an action in such cases." *Burt* v. *Dewey* (*supra*), was by a vendee for damages for breach of an implied warranty of title to a horse. Judgment against him had been recovered by the true owner, but it had not been paid, and it was held that the plaintiff must fail, "because until satisfied it only established a liability, not a loss," and the court refer to the fact that there was no evidence that the plaintiff or his vendees had ever been disturbed in their possession or enjoyment of the property, or that the plaintiff had ever parted with any money or property in consequence thereof. The court, however, in that case were inclined to qualify the rule above adverted to by suggesting that if satisfied of the insufficiency of his vendor's title, and that the true owner would recover the property in an action, he may surrender it and recover its value from his vendor by affirmatively establishing that the vendor was without title. In *Bordwell* v. *Collie* (*supra*), the qualification was approved as well sustained upon reason, and was applied to the facts then before the court. In the more recent case of *McGiffin* v. *Baird* (*supra*), the rule as thus qualified was repeated, and upon the same principle it was said by CHURCH, Ch. J., "that if for any reason it was impracticable to return the property, perhaps the purchaser may pay the claimant its value without legal proceedings, and avail himself of it as a defense upon assuming the burden of estab-

lishing the validity of the claim," adding, "this is the extent of the rule of protection recognized in any adjudged case, and it appears to me as far as it would be safe to carry the rule consistently with the rights of the vendor."

The plaintiff is not within any clause or sentence of the rule, even as now extended. The objection was fairly raised upon the trial, and should have prevailed. The learned counsel for the appellant argues that in any event the plaintiff was entitled to nominal damages; but if the conclusion already reached is correct, no cause of action was established, for there was no proof that the covenant was broken. If it was otherwise, however, the defendant should yet prevail, for after refusing to dismiss the complaint, the trial court refused to charge that only nominal damages could be recovered, and directed a verdict for a substantial sum. In either aspect, therefore, the learned court erred, and the General Term committed no error in granting a new trial. As this is made impossible by the plaintiff's appeal, the order of that court should be affirmed, and judgment absolute dismissing the complaint, with costs, be entered for the defendant.

All concur.

Order affirmed and judgment accordingly.