AHERIN *v.* O'BRIEN.

*(Supreme Court, General Term, Fourth Department.* April, 1892.)

1. SALE—BREACH OF WARRANTY—MEASURE OF DAMAGES.

In an action for a breach of warranty in falsely representing that a horse was a "good worker," plaintiff is entitled to recover the difference between the value of the horse if he had been a good worker and his value as he was in that respect.

2. SAME—SUFFICIENCY OF EVIDENCE.

Where the only evidence on the question of damages was that the horse, which was blind in both eyes, was worth $60, and that, if he had been sound, he would have been worth from $130 to $140, the evidence is not applicable to the case, and will not justify a judgment for substantial damages.

Appeal from Onondaga county court.

. Action by Patrick Aherin against John J. O'Brien for breach of warranty on the sale of a horse. Judgment for plaintiff in the justice court, where the

action was brought, was affirmed by the county court, and defendant appeals. Reversed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*George W. O'Brien*, for appellant. *Wandell & Magee*, for respondent.

MARTIN, J. The action was for breach of warranty on the sale of a horse. The only representation of fact relied upon by the plaintiff was, "that the horse was five years old, would go good single or double, and was a good worker." That the horse was not a good worker was the only breach of warranty proved. The plaintiff was entitled to recover the difference between the value of the horse if he had been a good worker and his value as he was in that respect. In other words, he was entitled to recover only for such defects as affected the value of the horse as a good worker, and only to the extent that they reduced his value as such. All the evidence given upon the question of damages was that the horse, blind in both eyes, was worth $60, and that, if he had been sound, and all right, he would have been worth from $130 to $140. This evidence was not within the rule of damages applicable in this case, and was wholly insufficient to justify the judgment awarded. Indeed, there was no evidence disclosing the amount of damages sustained by the plaintiff, nor from which such damage could be ascertained. The plaintiff, having failed to furnish any proper proof of damages, could recover at most only nominal damages. *Fales* v. *McKeon*, 2 Hilt. 53; *O'Brien* v. *Jones*, 91 N. Y. 193. We think the justice erred in awarding the plaintiff judgment for substantial damages, and that the county court should have reversed the judgment. Judgment of the county court and of the justice's court, reversed, with costs. All concur.