ALBRO AKIN, Respondent, *v.* EZRA M. MEEKER and Another, Appellants.

*Assignment of contract — delivery of the original contract unnecessary — action for a breach of warranty of title, when maintainable.*

Where one person agrees with another to assign to him all his interest in certain contracts and his entire interest therein, and such agreement does not provide that the contracts to be assigned shall be delivered to the person agreeing to purchase the same, the mere failure to put such person in possession of the original contracts does not constitute a breach of such agreement, .which, when executed by the assignment in writing of each of the several contracts referred to therein (a copy of each contract being annexed to the assignment thereof), operates as a valid assignment of the assignor's interest in such contracts.

Where the persons, who have agreed by a written agreement to purchase certain contracts of another, accept the performance thereof tendered to them by him, they are left to such rights and remedies as may accrue to them by virtue of any warranty, expressed or implied, contained in the written agreement.

In an action brought by a vendee against his vendor, for an express or implied breach of warranty of title, there can only be a recovery where proof is made of actual loss.

When the vendee relies upon the warranty of title he must either return to the true owner the property in question, or be prepared to prove its loss under compulsory proceedings, or the payment of money through judgment obtained against him, or voluntarily in answer to a claim made, and in the last-mentioned case he must also affirmatively establish that the claimant was the true owner and that his vendor was without title.

APPEAL by the defendants, Ezra M. Meeker and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of December, 1893, upon the verdict of a jury directed by the court after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 18th day of December, 1893, denying the defendants' motion for a new trial made upon the minutes.

*Lawrence E. Sexton*, for the appellants.

*John M. Bowers*, for the respondent.

PARKER, J.:

Defendants contracted with the agents of plaintiff in the State of Washington that defendants would pay $2,800 for the assignment of nine contracts which plaintiff and A. J. Luce & Co. had entered into with nine different growers of hops in that State.

Defendants obtained from seven of the nine growers the quantity of hops stipulated for, and netted nearly $15,000 out of the transaction. Two of the contracting hop growers refused to deliver their hops to defendants, but sold them elsewhere, and as their action in that respect operated to prevent a further addition to the profits accruing to the defendants under their contract, it is made to serve as an excuse for this attempt to wrong the plaintiff out of substantially the entire sum which the defendants promised to pay.

The ground upon which the defendants base their claim to defeat a recovery by the plaintiff is, that he failed to perform his agreement in that he did not "properly assign the entire interest" in the nine contracts. The contract recites that Akin (this plaintiff) has this day sold to E. Meeker & Co. (these defendants), at sixteen

cents per pound, " all my right, title and interest in the following
hop contracts for the crop year of 1890." Then follows a list of
the names of the persons with whom the contracts were made,
together with a statement opposite to each name of the number of
pounds which the grower had contracted to sell and deliver. The
contract continues, " and I further agree to properly assign the
entire interest in the above contracts now in my possession to said
E. Meeker & Co."

There were other provisions in the contract, but they need not
be alluded to. Before this contract was executed plaintiff's agents
explained fully to the defendants, Meeker & Co., that the contracts
were in Akin's hands in New York; that they ran to Akin and A. J.
Luce & Co.; that Luce & Co. had been enjoined at the suit of
Akin, by the Supreme Court, from having anything to do with the
receipt of hops under the contracts during the year. The contract
was drafted by the defendant Meeker, who did not insert in it a
stipulation that the original contracts should be delivered to him,
but contented himself with a provision that plaintiff sells all his
right, title and interest in the contract, and agrees to properly assign
the entire interest therein to the defendants.

As soon as Akin had learned of the making of the contract by
his agents, he sent a copy of the contracts, each bearing a separate
assignment, to his agents Thompson & French, who in turn deliv-
ered them to the defendants. They made no objection at that time
because Akin had sent them copies instead of the original contracts.
At the same time growers' advance notes given to Akin for moneys
advanced on account of the crops, to the several hop growers with
whom he had contracts, were turned over by the agents to the
defendants, and they were also accepted and retained. Immediately
after the receipt of the assignments and the copies of the contracts,
together with the growers' advance notes, defendants wrote to each
of the hop growers informing him that they had purchased his
contract with Akin, and inquiring where he wished the advances
due September first sent. All replied except Simpson & White,
whose contracts, taken together, called for about one-eighth of the
entire quantity of hops.

A few days later defendants offered Simpson & White the
advances called for in the contract, but both refused to receive them,

It does not appear that Simpson & White challenged defendants' title to the contract. They simply refused performance of their contract.

Some time after that defendants wrote plaintiff, asking him to send the originals of the contracts, at the same time informing him that they understood they were to have the originals placed in their hands. As soon as the letter reached the plaintiff in the city of New York, he telegraphed defendants that he had mailed to Thompson & French, his agents, the original contracts assigned. Defendants testified they did not see any of the originals until some time during the ensuing month of October, but do not say that they made any attempt either to see or obtain the originals in the meantime. Their conduct, as disclosed by their own version of it, creates the impression that for some reason they had concluded that it was not wise to have litigation with Simpson & White, because of their refusal to perform, and that instead they had concluded to attempt to make good whatever loss, if any, should result, out of the plaintiff, in a contest with whom they would have the advantage accruing from the possession of the sum which they had agreed to pay him for the contracts.

There was nothing in the contract between plaintiff and defendants providing that the original contracts with the hop growers should be delivered, but the instrument did assign the interest of the plaintiff and stipulated to assign the entire interest.

The mere failure to put defendants in possession of the original contracts, therefore, did not constitute a breach of the contract. The agreement between the agents of the plaintiff and defendants, followed by the assignment in writing of each of the several contracts, of which a copy was annexed to the assignment, operated as a valid assignment of Akin's interest in the contracts. (*Horner* v. *Wood*, 15 Barb. 371; *Doremus* v. *Williams*, 4 Hun, 458; *Anderson* v. *Read*, 106 N. Y. 333.)

Defendants complained on the trial that after the original contracts arrived at the State of Washington, plaintiff's agents, instead of delivering them over to defendants without question, attempted to secure for the plaintiff a sum of money, which was due him under the contract. The defendants successfully resisted this attempt of the plaintiff to secure his debt without litigation. Whether it

would have been better for the plaintiff's agents to have omitted
that precaution is not now and was not then a matter of legal con-
sequence. A delivery of the original contracts had not been con-
tracted for, and was not essential to vest in the defendants the
interest which plaintiff and A. J. Luce & Co. had in them. The
defendants apparently had no occasion to make use of the originals,
but had they chosen to compel performance of the contracts of
Simpson & White by action, and their title had been called in ques-
tion, the production of the original contracts in evidence would have
fully accomplished defendants' purpose. It is quite apparent from
the discussion already had, that defendants' suggestion that in some
way damage resulted by reason of the failure of the plaintiff to
deliver in the first instance the original contracts, is wholly without
support in the evidence.

The proposition upon which defendants apparently place more
reliance than those so far considered, is that defendants were
entitled to succeed because plaintiff failed to perform his agreement
in that he neglected " properly to assign the entire interest."

But we think the trial court rightly disposed of that question by
its direction of a verdict in favor of the plaintiff, thereby necessarily
holding that defendants having accepted plaintiff's tender of per-
formance the defendants were left to such rights and remedies as
should accrue to them by virtue of any warranty, expressed or
implied, in the contract, and that the only warranty, either expressed
or implied, was one of title, touching the alleged breach of which
defendants failed to make such proof as entitled them to redress.
As to whether there was an acceptance of plaintiff's performance,
there was no dispute as to the facts. It was not controverted that
the copy-contracts, with assignments and growers' notes for advances,
were put in the possession of the defendants after the making of
the contract in suit and kept by them ; that they used them, claim-
ing under and by virtue of them to be the owners of the hops
described in them ; that they accepted and paid for the hops deliv-
ered under such copies and assignments, never having had in their
possession the seven original contracts, any more than the two of
Simpson & White ; that as to the Simpson & White contracts, they
acted upon the assignments in the same way as with the others ;
made tender to the growers under the assignments ; consulted a

lawyer how they should enforce them. These facts, being undisputed, show an acceptance by defendants of the performances tendered by plaintiff. The clause in the contract by which Akin agreed to properly assign the entire interest in the above contracts amounted to an express warranty of title, and in order to defend against an action for the price of the things sold, defendants must show, in the absence of fraud, an eviction or its equivalent. Or, where the action is brought by a vendee against his vendor for an express or implied breach of warranty of title, there can only be a recovery where proof is made of actual loss. (*O'Brien* v. *Jones,* 91 N. Y. 198.) And when the vendee relies upon the warranty of title, he must either return to the true owner the property in question, or be prepared to prove its loss under compulsory proceedings, or the payment of money through judgment obtained against him, or voluntarily in answer to the claim made; and in that case he must also affirmatively establish that the claimant was the true owner and that his vendor was without title. (*Case* v. *Hall,* 24 Wend. 102; *Delaware Bank* v. *Jarvis,* 20 N. Y. 226; *Burt* v. *Dewey,* 40 id. 283; *McGiffin* v. *Baird,* 62 id. 329; *O'Brien* v. *Jones, supra.*)

The alleged defect in the title is, that A. J. Luce & Co. had an interest in the contracts, as well as the plaintiff, and that there was no assignment of an interest other than that of the plaintiff. The defendants did not return the contracts assigned to them by plaintiff, nor prove any loss by reason of compulsory proceedings on the part of A. J. Luce & Co., the payment of money through judgment obtained by them against defendants, or even that A. J. Luce & Co. had made any claim against them whatever.

On the trial, as appears from the record, it was shown that A. J. Luce & Co. and Alfred G. Luce were the same person; that from the 9th day of August, 1889, down to the 5th day of July, 1892, Luce was restrained by injunction order and by an interlocutory judgment, at suit of Akin, from demanding or receiving any of the hops covered by the contract which constitutes the basis of this action. By the final judgment determining the respective rights of Akin and Luce, the suit at bar was provided for in such a way that Luce cannot maintain any action against these defendants on account of the transaction which is the subject of this litigation.

It is apparent, therefore, that the evidence failed to establish any right on the part of defendants to recover damages against the plaintiff by reason of the alleged breach of an expressed warranty of title.

The judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment and order affirmed, with costs.