### NATIONAL METAL EDGE BOX CO. v. GOTHAM.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

1. SALES—WARRANTIES—IMPLIED WARRANTIES—TITLE AND RIGHT TO USE.

Where defendant sold screens to plaintiff, knowing they were for use in its pulp mill, he impliedly warranted the title thereto and the right to use them, and was liable for damages to plaintiff resulting from an infringement by the screens of another's patent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 751.]

2. SAME—ACTION FOR BREACH OF WARRANTY—CONDITIONS PRECEDENT.

Actual eviction by process of law from the use of the screens was not necessary to give plaintiff a right of action against defendant for breach of the warranty, if there was a paramount outstanding title or patent covering their use.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1226.]

3. ESTOPPEL—EQUITABLE ESTOPPEL — PAYING JUDGMENT IN INFRINGEMENT SUIT.

Defendant, having permitted judgment to be recovered against him for infringement of the patent by the use of the screens, and having paid the judgment, was estopped to deny that plaintiff's use of the screens infringed the patent.

4. SALES—ACTIONS FOR BREACH OF WARRANTY—OUTSTANDING PATENT—DAMAGES—BURDEN OF PROOF.

Where plaintiff was sued for infringement of the patent by use of the screens, and compromised the claim, it thereby assumed the burden of proving, in a damage suit against defendant for breach of warranty, the amount of the damages actually met, if any, from failure of title, as well as the fact of outstanding paramount title which it could not successfully or prudently resist.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1258–1260.]

5. SAME—AMOUNT—ESTOPPEL.

Where defendant refused to defend the action against plaintiff, and plaintiff settled the action, in good faith, upon the advice of defendant, with the belief that the patent was valid, and that a contest of the suit would be unavailing, defendant was estopped to deny plaintiff's right to recover the amount paid in settlement, which was less than the purchase price.

Appeal from Trial Term, Jefferson County.

Action by the National Metal Edge Box Company against Darwin B. Gotham. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Horace Stern, for appellant.
Henry Purcell, for respondent.

ROBSON, J.   Between the years 1892 and 1896 plaintiff purchased of the defendant four separate compartment suction screens, paying defendant therefor $1,570.07, the purchase price thereof.   It was understood between the parties that these screens were purchased for use in plaintiff's pulp mill, where they were afterwards installed and used as a necessary part of the machinery of plaintiff's plant.   Plaintiff in this action seeks to recover of defendant $828, and interest from November 29, 1905, the principal sum being the amount plaintiff paid to the attorneys of the representatives of the estate of one Edmund Victory for having used in its business the said screens, which were articles covered by a patent, owned by said Victory, and on his death the property of his estate, without obtaining a license permitting such use.

The trial court has found upon evidence amply sustaining such findings: That the representative of Victory's estate, after serving notice on plaintiff that the screens, which it had purchased of defendant, were infringements upon the patent issued to and owned by Victory, and then the property of his estate, and demanding that plaintiff pay to said representative the sum of $150 for each of said screens as a license fee for the use of the same, together with interest thereon, and asserting that, if said amount was not paid, such use would be enjoined by action for that purpose, in August, 1905, began an action in the proper court against the plaintiff to recover the said amount as license fee with interest thereon.   That the plaintiff thereupon informed defendant of the commencement of said action, asked him to advise as to his position in the matter, and inquired whether plaintiff should pay the claim and look to him for reimbursement.   That in October following plaintiff's manager had a personal interview with defendant in which he again called attention to the fact that such demand had been made upon it in behalf of the Victory estate, that action had been brought to enforce the claim, and asked the defendant to defend the said action, and protect the plaintiff therefrom, but that defendant declined to assume the defense of the action, claiming that in an action brought against him by said Victory a judgment had been recovered against him, which he had paid and satisfied, and insisting that he was thereby released from further liability.   A copy of this release had previously been furnished to plaintiff by defendant.   That in said interview plaintiff's manager stated to defendant that he was willing to do whatever the latter thought best, and defendant thereupon advised the said manager to go and see the attorneys of the Victory estate and settle on the best terms he could, not intending thereby, however, as the court has further found, to admit any liability for, or incur any obligation to plaintiff on account of, the sale of said screens to plaintiff, or said action against plaintiff to restrain their use.   That the use of said screens was necessary in the operation of plaintiff's plant; and after said interview and on or about November 29, 1905, the plaintiff effected a settlement with the Victory estate for the sum of $828.   It was also found that the plaintiff, by

reason of the act of defendant in permitting judgment to go against him in the action brought by Victory against defendant and his paying the damages awarded therein, had a right to, and did, believe that the Victory patent upon said screens was valid, that a contest of the action brought against it for infringement would be unavailing, that it in good faith made the payment in settlement of the action brought against it, and that such payment was made on the assumption that it thereby acquired title to and the lawful right to use the screens in its business.

Upon these facts the court further properly found as conclusions of law that defendant on the sale of these screens to plaintiff impliedly warranted the title thereto, and the right to use the same. (Carman v. Trude, 25 How. Prac. 440; McClure v. Central Trust Co., 165 N. Y. 108–126, 58 N. E. 777, 53 L. R. A. 153); that actual eviction by process of law from the use of the screens was not necessary to give the plaintiff a right of action against defendant, it being sufficient, if there was a paramount outstanding title or patent, covering the use of said articles; that defendant was estopped to deny that the use of these screens by plaintiff infringed the Victory patent; and that, as between the plaintiff and defendant, the title of the Victory patent to the use of the screens was paramount to that of defendant, and the use of said screens by plaintiff was an infringement upon the Victory patent. But the court further held that the measure of plaintiff's damages in this action is the difference between the value of the screens with the right to use them and their value without such use. Plaintiff's right to damages was found; but substantial damages were denied, because, as the court found, facts from which such damages can be estimated and assessed do not appear in the proof. With this conclusion of the court we are unable to agree. It is doubtless true, as stated by the trial court, that as plaintiff, instead of awaiting actual judgment in the action brought against it by the representative of the Victory estate, chose to compromise the claim sought to be enforced by the action, thereby assumed the burden of showing in the present action not only that there was an outstanding paramount title, which it could not successfully, or at least prudently, resist, but also of establishing the amount of damages, if any, accruing by reason of such failure of title. O'Brien v. Jones, 91 N. Y. 193; McGiffin v. Baird, 62 N. Y. 329. And it must further show that, not only is there a liability for such damages, but that it has been actually met. Plaintiff's duty in such cases to minimize by reasonable effort the actual damage suffered by reason of the failure of title is also well recognized. It would seem to follow that a plaintiff in such cases would not be warranted in increasing the amount of damages, flowing from the failure of title, by futilely resisting an action brought to establish a paramount title, to which a successful defense was plainly impossible. In this case paramount title, so far as concerns the right to control the use of the screens, was in the Victory estate; and this had been determined as to the defendant, in an action brought directly against him, the result thereof being clearly a final adjudication of that right as to him. Plaintiff gave him notice to defend the action brought

by the party representing the same title, that had been successfully established as to him, to enforce against this plaintiff the same right of property. He declined to embark in this defense, and advised plaintiff to settle the claim. It does not now lie in his mouth to say that plaintiff, having accepted that advice, and in good faith, and upon the best terms possible under the circumstances, settled the claim without continuing further fruitless litigation in defending itself therefrom, should not recover the amount it has paid in settlement of the claim, it appearing that it is less than the purchase price for which he sold the screens to plaintiff. Indeed, if, under the circumstances here disclosed, plaintiff had, instead of compromising the claim, contested the action to final judgment, it might well have found itself in the position of being compelled to bear the costs of a defense which from its inception was apparently futile. Olmstead v. Rawson, 188 N. Y. 517, 81 N. E. 456.

The judgment should be reversed on the law and facts, with costs to appellant to abide the event. All concur.