## SUPREME COURT.

### Isaac M. Wright agt. Joseph Delafield and others.

In all cases, where a single judge, before whom a cause has been heard, has deliberately pronounced his decision, he has no power to suspend the formal entry and docketing of the *judgment*, consequent upon such decision, or to deprive the successful party of the benefit, which by the terms of the law the docket gives him.

Where an appeal is desired, and the requisite security to stay execution has been given, the court may, on proper terms, direct an entry on the docket that the judgment is "secured on appeal;" and thereupon the lien ceases, and the judgment-debtor is left free to mortgage or dispose of his property till the final determination of the case. (§ 281.)

And although the *lien* cannot be prevented without security, a *stay of execution* may be obtained, either by such security or by the special order of the judge dispensing with it entirely, or upon terms, in his discretion. (§ 348.)

In *jury trials*, but in no other cases, a judge is authorized (§ 265) to direct "the judgment in the mean time to be suspended," or a verdict to be taken "subject to the opinion of the court at a general term." And then "the application for judgment must be made at the general term." (*See Taylor* agt. *Harlow & Pierson, ante page* 285.)

A plaintiff has no right to compel the defendants to *elect* between the suit in which he is plaintiff, and another suit in which the defendants are plaintiffs against him in reference to the same subject matter. If it is a double vexation, he is chargeable with it as much as the defendants. It is not a case of election.

*New-York Special Term*, 1854.
APPLICATION by plaintiff for a stay of proceedings, &c.

—— ———— *for motion*,
—— ———— *opposed*.

ROOSEVELT, Justice.   This cause was brought to trial before a single judge, without a jury.   A decision, as required by the Code, was given, in writing, in favor of the plaintiff, so far as it directed a conveyance of the land to *him*, and against the plaintiff so far as it directed payment of the purchase money *to the defendants*.   From this decision he wishes to appeal to the general term, and to prevent in the meantime the entry of a judgment, until the appeal shall be disposed of.

Section 267 of the Code contemplates no such suspension. After providing for the time and manner in which "the decision," on a trial by the court, shall be given, it declares, without specifying or implying any delay or qualification, that "judgment upon the decision shall—(that is, on the instant)— be entered accordingly."   Besides, no appeal can be taken from a mere "decision."   The chapter providing for appeals "from a single judge to the general term,"—and it is only that chapter which authorizes any appeal—declares that such appeals may be taken "from *a judgment entered* upon the direction of a single judge." (§ 348.)

The *entry* of the judgment, therefore, so far from precluding, is essential to an appeal.   And further, to lay a proper foundation for the appeal, "either party," says the Code, (§ 268,) "may except to a decision, &c., within ten days after notice, in writing, (not of the decision, but) of the *judgment;*" and, with the same view, either party may call upon the judge, who tried the cause, to give a statement, "briefly specifying the facts found by him, and his conclusions of law."

Upon filing the judgment-roll it may be docketed; and when docketed it becomes a lien; and as the roll is to be filed "immediately after entering the judgment," the lien attaches, in

Wright agt. Delafield and others.

effect, immediately after such entry, and of course before the appeal can be disposed of, or even taken.

The framers of the Code, anticipating this possible evil, have provided, that where the requisite security to stay execution has been given, the court may, on proper terms, direct an entry on the docket, that the judgment is "secured on appeal," and thereupon the lien ceases, and the judgment-debtor is left free to mortgage or dispose of his property till the final determination of the case. (§ 281.)

And although the *lien* cannot be prevented without security, a stay of execution may be obtained, either by such security, or by the special order of the judge dispensing with it, if in his opinion such dispensation be just, or prescribing such other terms as he may deem proper. (§ 348.)

The counsel for the plaintiff seems to suppose that the single judge, without entering the judgment, and without a formal appeal, may order the exceptions to be heard at the general term. That practice is entirely confined to jury trials, where the judge is generally compelled to decide in haste, and without much opportunity for examination and reflection. In those cases, but in no others, he is authorized, by § 265, to direct "the judgment in the meantime to be suspended," or a verdict to be taken, "subject to the opinion of the court at a general term." And then "the application for judgment must be made at the general term."

Thus it will be seen that in all cases where the single judge, before whom the cause has been heard, has had, or is presumed to have had, ample time for discussion and consideration, and has deliberately pronounced his decision, which he at least should assume to be right, he has no power to suspend the formal entry and docketing of the judgment consequent upon such decision, or to deprive the successful party of the benefit which, by the terms of the law, the docket gives him.

The order staying proceedings must therefore be discharged.

An application is also made by the plaintiff, Wright, to compel the defendants to elect between this suit, in which he is

plaintiff against them, and the other suits, in which they are plaintiffs against him.

Their answer to it is—and it seems to me conclusive—that they *do* elect to go on with *their* suits, and that *he* elects to go on with *his;* that they elect to make their own defence to his suit, and he elects to make his own defence to theirs. They control the litigation in the form of actions *on* the notes, and he in the form of an action *against* the notes. Why should they elect rather than he? If it be double vexation—which I admit the law does not allow—the charge lies as much at his door as at theirs. It is not a case of election. The plaintiff, however, may take an order, if he sees fit, allowing him to pay the principal, interest, and costs, in the actions on the notes, without prejudice to his rights, as they may finally be determined on the appeal in this action.