DAVID C. GROH, Respondent, *vs.* JOEL B. BASSETT, Garnishee of D. P. CHASE, Appellant.

APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

A motion for a new trial under the fifth subdivision of section 59, page 564, of the Compiled Statutes in a case tried by the Court and decided out of term, must be made at the earliest opportunity after notice that the decision has been rendered.

A motion for relief against a judgment taken against a party through his inadvertence, surprise, or excusable neglect, under section 94, page 544, of the Compiled Statutes, must be made with diligence after notice of the judgment, and an order made in such a motion either granting or refusing to grant the relief sought, is not appealable, because the application is addressed to the discretion of the Court. Appeals from orders of this character will be dismissed unless it clearly appears that there has been an abuse of the discretion which is possessed by the Court below.

Points and Authorities for Appellant.

I.—The motion being of twofold character, the Court below was not obliged to deny the whole, because part could not be granted.

The part of the motion asking for vacation of the judgment is equivalent to a motion for re-examination or new trial; and if there were reasons for granting a new trial, the Court was bound to grant under the motion as made. The Court erred in its decision in construing the application as only made under the clause of the statute, providing for relief within a year, in case of "*mistake, inadvertance or excusable neglect.*"

One ground on which the motion was made was insufficiency of evidence to warrant the decision, and this is recognized as sufficient cause for vacating judgment and granting new trial by our *Revised Statutes, p. 564, sec. 59.*

. The facts show this ground to exist, and that the Court erred in ordering judgment entered against Bassett upon the disclosures made. Such error of decision existing, there was no such laches or want of compliance with statute regulations on the part of the applicant as to justify a denial of the application.

Upon *page 564 of Revised Statutes,* it is provided that motions for new trials must be made, either upon the Judge's minutes or upon a case made between the parties; and that oral or written notice of application must be made immediately after decision and at regular term.

Now the motion, so far as insufficiency of evidence is concerned, was made upon the Judge's minutes, for the testimony of the garnishee is taken down by the Judge and forms part of the judgment record.

Notice could not be given immediately after decision, because decision was not rendered at any term,—last examination being made on the 18th of February, 1860, no decision given until the 27th of April following, and judgment entered thereon May 1st, following, out of term, and no notice having been given Bassett of the decision or judgment.

That Bassett, (as appears by affidavit) never having had any actual knowledge of the decision until the January following, and the next May term being the first term when, by

provisions of the statute, he could have made his application for new trial, and such application being regularly made in little more than a month thereafter, he has not been guilty of such laches as to interfere with his rights.

That the statute requiring notice of motion for new trial to be given immediately after decision, has reference to trials at general term, and that applications of the present character are not ruled by these restricting portions of the statute, but to be made within reasonable time.

II.—That the one year contemplated by statute within which judgment may be vacated for "mistake, inadvertance, &c.," does not, in cases of the present character, commence to run until actual notice of the decision is given ; and that Bassett having no such actual notice, application was made in time even under this branch of the statute.

Points and Authorities for Respondent.

I.—The order appealed from in this case is purely discretionary in its character, and as such not appealable.

This case falls exactly within the decision of *Myrick vs. Pierce*, 5 *Minn. R.*, 658, the rule there laid down and the appeal must be dismissed. *Sec. 94, p. 544, Pub. Stat.*

II.—More than a year had elapsed between the first order and the judgment and the motion to vacate them. The garnishee was guilty of gross laches and delay in making his motion, even after he admits that he had notice of the judgment, and no such mistake, inadvertance, surprise or excusable neglect is shown as would justify the Court in granting the motion, even had it been made in time.

Clearly there has been no such palpable abuse of discretion in this case as would authorize the appellate court to disturb the decision. *Myrick vs. Pierce*, 5 *Minn.*, *p.* 65; *Sec.* 54, *p.* 544, *Pub. Stats.*; *Gerrish & Brewster vs. Johnson*, 5 *Minn. R., p.* 26.

Wilson & McNair, Counsel for Appellant.

Cornell & Mann, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—The garnishee, Bassett, was examined on the 23d day of January, 1860, and his disclosure made no case against him. Upon the evidence elicited from him, he would have been discharged, as the indebtedness he acknowledged was on a promissory note which was negotiable. *Hubbard vs. Williams*, 1 *Minn. R.*, 54. The case was then adjourned until the 18th day of February, 1860. At the adjourned day the garnishee did not appear, and the Plaintiff took the deposition of Elliot, who swore that he had seen the principal Defendant, Mr. Chase, on the 24th of January, 1860, and that he had acknowledged that he was the owner of the note that Bassett had spoken of. This evidence failed to make a case against Bassett, as Chase might have parted with the note between the date of his admission, and the time of the decision. The Court, however, rendered judgment against Bassett as garnishee for the amount of the note. This was an error, and could have been relieved against by appeal, writ of error, or motion for a new trial. The order of the Court that judgment be rendered, was made on the 27th day of April, 1860, and the judgment entered upon it on the 1st day of May following.

The counsel for the garnishee insists that this is a motion for a new trial under *subdivision 5 of sec. 59, p. 564, of the Comp. Stats.*, because he asserted as one of the grounds upon which he sought relief against the judgment, that the evidence was insufficient to justify the decision, and that it was against law. Supposing it to be a motion for a new trial, we will see if it has been made in time. There are three ways of reviewing decisions of the District Court.

1st. By motion in the District Court for a new trial.

2d. By appeal from the judgment to the Supreme Court, and—

3d. By writ of error.

The statute on the subject of new trials for causes arising under the *5th subdivision of section* 59, above cited, applies to cases decided in term time, because it says, (*sec.* 63 *p.* 565), "The application for a cause mentioned in the fourth and fifth subdivisions of section fifty-nine, can only be made when notice thereof, oral or written, was given in open court,

immediately after the verdict or other decision rendered." Now in all cases where the trial is by the Court, the judge has twenty days after the term at which the trial took place, within which to file his decision. *Comp. Stats. p.* 562, *sec.* 41. It is clear, therefore, that if, in such cases, a motion for a new trial can be made at all except upon appeal, the defeated party cannot comply with the requirements of *section* 63, *p.* 564, which makes it imperative that notice must be given in open court immediately after the decision is rendered. He must, therefore, conform to the provision as nearly as possible, and give his notice for the earliest period at which the motion can be heard, after notice that the decision has been rendered, and before judgment is perfected. This rule is adopted as the one nearest in analogy to that laid down for the government of new trials, where the decision is rendered in term time, and we see nothing in the statute that precludes the idea of such motions being made where the trial was by the Court, but on the contrary, the definition of a new trial in *section* 58, expressly includes cases where the first trial was by the Court. If, therefore, this is a motion for a new trial, it is too late. What strengthens this view of the case is, that the period within which an appeal can be taken from a judgment, is limited to six months from the rendition of the judgment. *Comp. Stat. p.* 621, *sec.* 9. And a writ of error cannot be sued out after one year from its rendition. *Id.* 623, *sec.* 22. A motion for a new trial made to the same Court in which the decision is rendered, is a summary proceeding, and it is out of all harmony with recognized rules of practice to suppose that such a motion can be made when the time for both an appeal and a writ of error have elapsed. Yet such is the case with the motion we are considering.

The papers show that the Defendant, Bassett, did not know of the judgment, until January, 1861, when he discovered it by accident. He then waited until June 27th, 1861, before taking any steps to relieve himself from the same. This appears from the date of the affidavit upon which the motion is founded. We held in *Gerish & Brewster vs. Johnson* 5 *Minn. R.* 23, that a party against whom a judgment had been taken through his inadvertence, surprise or excusable neglect, must

seek redress with diligence, and could not wait until the expiration of a year from notice, before moving under *sec.* 94 *of the Comp. Stat. p.* 544.   In that case the party seeking relief was the one in whose favor the judgment was obtained, and not a party against whom a judgment had been taken.   It is true the statute speaks only of parties against whom judgments have been taken, but it also comprehends judgments of an opposite character.   It is a rule of construction that where a statute grants relief to one class of persons, as for instance Defendants, it may always be extended to Plaintiffs when within the spirit and intent of the act.   6 *How. Pr. R.* 326.   In that case notice was of course chargeable to the party in whose favor the judgment was rendered, from the time of its rendition.

The Court below has held that the delay from the time the garnishee first obtained notice of the judgment, in January, 1861, till June 27, 1861, when he first took steps to obtain relief against it, was unreasonable, and we fully agree with him in this respect.   Nothing appears in explanation or excuse of such laches, so we are bound to believe that it was simple neglect.

In the case of *Myrick vs. Pierce,* 5 *Minn. R.* 65, we held that a motion for relief against a judgment under *section* 94 above cited was addressed to the discretion of the Court, and an order made therein was not appealable.   We cannot distinguish the case at bar from that, except that in this the motion was denied, in that it was granted, which in no way varies the principle.

The appeal must be dismissed, as we can see no abuse of the discretion of the Court in denying the relief sought.