# E. W. Conklin,

## vs.

# Henry Hinds.

In an action brought under *Gen. Stat. ch.*75, *sec.* 1. as amended by *Laws of* 1867, *ch.* 72, the complaint alleged ownership of the N. W. ¼ of Sec. 21, T. 105, R. 22, Scott county, Minnesota, and that it was vacant and unimproved land, and issue was joined on these allegations.

To maintain the issue on his part, plaintiff read in evidence, a patent for said land from the U S. to W., dated May 23d, 1859 ; the record in book "C" of deeds in the registry of deeds for Scott county, of an instrument under seal properly executed and acknowledged to entitle it to record, from W. to H., bearing date Nov. 1st, 1856, whereby, in consideration of $600 paid by H. to W, the latter covenanted to sell and convey said land to H. by a good and sufficient warranty deed, and on receipt of a title from the U. S. that W. would thereupon hold the same in trust for H. and upon demand thereafter execute and deliver such deed ; and also, the record of a warranty deed of said land from H. to plaintiff dated May 4th, 1857.

*Held,* That this was sufficient to enable plaintiff to maintain the action, as a person "having or claiming title to the land" within said section as amended as aforesaid, and that if the book of deeds were not the proper book wherein to record such covenant, the record thereof in said book was nevertheless admissible in evidence upon this issue ; but that the evidence aforesaid, was not proof that the land was vacant and unoccupied, within said section, so as to enable plaintiff to maintain this action.

The case was tried by the court and judgment entered for plaintiff on its decision in vacation, viz. Jan. 11th, 1869.

In its finding of facts, the court found that plaintiff owned the land,

---

* Mr. Justice Berry being unavoidably absent took no part in the hearing or decision of this case.

Conklin v. Hinds.

but omitted to find whether or not the land was vacant. ' Defendant being dissatisfied with such omission, applied at the next general term of the court on notice to plaintiff (a case having been previously made and settled) to have the finding amended so as to show how the fact in that respect was.

The court thereupon ordered, that the finding be amended, by finding as an additional fact, that the premises were not vacant, and as a conclusion of law, that such fact did not warrant any modification of the conclusion of law already found, viz : that plaintiff was entitled to judgment. *Held*, That inasmuch as the court had failed to pass upon a material issue, the defendant had adopted a proper mode of procuring such omission to be supplied. *Held, also*, That if it were otherwise, a motion to strike out such supplemental findings, comes too late ; such findings having been made, and a motion for a new trial based thereon argued in the court below, without objection on that ground ; and that there is no presumption that such finding was made on evidence other than, and taken subsequently to, that appearing in the case as settled, and which purports to contain all the evidence at the trial.

Said motion for a new trial was made at the November Term, 1869, of said district court. This appeal is taken from the order of said court denying such motion : *Held*, That, the statute being silent, and the district court having adopted no general rule on the subject, it is for the judge before whom such motion is made to decide upon the circumstances of each case, whether a motion for a new trial made after judgment rendered upon the report of a referee or decision of a judge filed in vacation, comes too late ; and that this court would not review such decision unless an abuse of discretion were shown ; such would be the entertaining a motion for a new trial made after the expiration of the time limited for an appeal from the judgment; otherwise, if the motion be made before such time has expired, unless laches is shown.

The motion in the present case was made at the next general term after said findings had been perfected as aforesaid, and before the time limited for an appeal from the judgment had expired. *Held*, That it was not made too late.

This action was brought in the district court for Scott county and was tried by the court, without a jury. The complaint alleges that the plaintiff is seized in fee simple,

Conklin v. Hinds.

and possessed of the title in and to certain lands described therein, and that the same is vacant and unoccupied land, and that the defendant claims some estate or interest therein adverse to the plaintiff; and demands judgment declaring the adverse claim void.

The answer denies the allegations of the complaint, except that as to defendant's claim, and sets up such claim, which is founded upon a tax title.

Upon the trial, the plaintiff offered in evidence a patent from the United States to one Wright for the lands mentioned, which was received without objection. Also the record of an agreement made by said Wright, and his wife, with Samuel Hibler, covenanting and agreeing to convey the land to Hibler as soon as Wright should acquire the title thereto; and a deed of the same premises from Hibler to the plaintiff. The agreement and deed were recorded in the office of the register of deeds for Scott county, and the record of the same was received in evidence under objection by the defendant.

No further testimony was offered by the plaintiff; and the defendant moved that plaintiff be nonsuited because he had failed to make out a case. The motion was denied, and defendant excepted.

A motion for a new trial was made and denied, and from the order denying the same defendant appeals to this court. The other questions presented by the appeal are sufficiently stated in the opinion of the court.

Henry Hinds, Appellant in person.

John H. Brown, for Respondent.

*By the Court*—Ripley, Ch. J.—This action is brought under *Gen. Stat.*, sec. 1, *ch.* 75, as amended by *ch.* 72, *Laws*

*of* 1867, plaintiff alleging ownership of N W ¼ Sec. 21, T. 105, R. 22, and that it is vacant and unoccupied land, [both which allegations were put in issue by the answer;] that defendant claims some adverse estate or interest therein and praying that the same be declared void.

It was tried at the same time with *Murphy vs. Hinds*, 15 *Minn* 182, and as in that case, the plaintiff at the trial, after offering certain records as evidence to prove ownership in himself, stated that he had no further evidence to offer and rested his case.

The defendant thereupon moved that plaintiff be non-suited because he had failed to make out a case. The motion was denied and defendant excepted.

The patent to Wright, his covenant to convey to Hibler, and Hibler's deed to plaintiff would enable plaintiff to maintain the action as " having or claiming title " to the land within said *ch. 72 of Laws of* 1867. *Gen. Stat. ch.* 43. *sec.* 2, *p.* 340.

If the book of deeds was not the proper book wherein to record said covenant, so that such record would not be notice to a subsequent purchaser, it might nevertheless be read by plaintiff in evidence. *Gen. Stat. ch.* 73, *sec.* 87.

There are two cases in which *ch.* 75, *sec.* 1 as amended provides that an action of this kind may be maintained.

First; when the plaintiff is in actual possession.

Second; when the land is vacant or unoccupied and no person is in actual possession. *Murphy vs. Hinds*, 15 *Minn.* 182, p. 184.

Proof that the land is actually vacant and unoccupied is, as necessary to maintain an action brought under the last clause, as proof of actual possession is to sustain one brought under the first, and for the same reason, viz : that this action lies for one who cannot maintain ejectment, either because

he is in possession, or because, the land being vacant, there is no one in possession against whom ejectment would lie.

As a complaint would be demurrable as not stating facts sufficient to constitute a cause of action, which omitted to state, either that plaintiff was in possession, or that the land was vacant; so the plaintiff, at the trial fails to make a case, if he omits to prove whichever state of facts he has alleged to exist.

In *Murphy vs. Hinds*, plaintiff in his complaint, counted upon his possession, and at the trial offered proof of a paper title and rested.

Defendant moved for a nonsuit, which was denied. On appeal this was held to have been error, because such evidence did not support the allegation of possession. And the opinion goes on to say, that " even admitting (for argument's sake merely) that under a complaint counting upon possession, the plaintiff might be permitted to prove, either that he is in possession of the premises, or that the same are vacant and unoccupied, the proof that he has made in this instance does not establish either state of facts, and he has failed to make out a cause of action, in either of the cases contemplated by the statute."

This covers the point raised in the case at bar, and it follows therefrom that the motion for a non-suit should have been granted.

The case was tried by the court and judgment was entered for plaintiff, January 11th, 1869, upon its decision that he was entitled to the relief prayed for. In its finding of fact upon which said conclusion was based, the court found that plaintiff was the owner of said land but omitted to find whether or not the land was vacant.

The defendant being dissatisfied with such omission, applied at the April term, 1869, on notice to plaintiff, (the

case having been previously settled,) for an amendment of such finding so as to show whether the premises were vacant or not; whereupon it was ordered, that the same be amended by finding, as an additional fact, that the premises were not vacant or unoccupied; and as a conclusion of law, that such additional fact did not warrant any modification of the conclusion of law already found

At the general term in November, 1869, defendant moved on the pleadings, the facts and conclusions of law found by the court, and the statement of the case as settled, for a new trial, because :

1—Of errors of law occurring at the trial and excepted to.

2—Because the finding of facts by the court is not justified by the evidence.

3—Because the decision of the court upon the facts found is contrary to law.

The plaintiff moves to strike out the supplemental finding aforesaid as unauthorized and void.

We think, however, that inasmuch as the court had failed to pass upon a material issue, the defendant adopted a proper mode of procuring the omission to be supplied. *Bazille vs. Ullman,* 2 *Minn.,* 137; 3 *Minn.,* 314; 14 *Minn.,* 141. That judgment had been entered made no difference, for the conclusion of law upon which it was based was in no way modified; nor is it material that a case has been settled, for the finding was not made upon new evidence.

Moreover, there appears to have been no objection by plaintiff to the making of such amendment, and this motion comes too late, after it has been made, and a motion for a new trial, based on it, argued in the court below without objection made thereto on that ground.

The plaintiff further contends that if the supplemental

Conklin v. Hinds.

finding of fact is not to be struck out, it must be presumed to have been made upon sufficient evidence, and as the case as settled purports to contain all the evidence that had been taken, and discloses no evidence in support of it, it is to be presumed that it was made upon sufficient evidence subsequently taken ; that is, after the trial, and if so, leave should have been granted by the court below to amend the complaint in conformity with the facts found, or the variance should now be disregarded.

No such amendment was asked: but the conclusive answer is, that no such presumption as he supposes can arise.

It was the duty of the court to pass upon all the material issues, and if no evidence was offered on the part of the plaintiff to support his allegation that the land was vacant it was the duty of the court, not to overlook the issue in its finding, but to find it against him; (2 *Minn.*, 139,) nor could the court subsequently receive evidence upon such issue.

On the hearing of the motion for a new trial at said November term, 1869, plaintiff objected to the making thereof, because it was made too late, for the reason by him assigned that the time for appeal from the judgment had then expired. This was not so in point of fact under the law regulating an appeal from that judgment. *Laws of* 1868, *ch.* 83, *p.* 112. *Laws of* 1869, *ch.* 70, *p.* 84. The objection was overruled, and the motion having been heard, it was ordered that the same be denied. The appeal is taken from that order.

The plaintiff moves to dismiss the appeal; contending, that it is too late to move for a new trial upon a case settled after judgment entered; that defendant's proper course was to appeal from the judgment; and he urges in support of

this position, that inasmuch as no time is limited by statute within which a motion for a new trial must be made, if such motion be made after judgment, it may be made after the time for appeal from the judgment has elapsed; and to allow an appeal from an order denying such motion, would result, if the order were reversed and a new trial granted by this court, in nullifying the statute as to appeal from judgments and allow judgments to be attacked indirectly, after all direct proceedings therefor were barred.

This is true; and it is also true, as the law now stands, that a successful appeal from an order denying any motion for a new trial made after judgment, may result in vacating the judgment after the time for appeal therefrom has expired

And it is also true, that on any motion for a new trial made after judgment the district court, if it grants the motion, must also necessarily vacate the judgment, which is thus *indirectly* attacked.

*In Groh vs. Bassett*, 7 *Minn.* 325, the court say, that it is out of all harmony with recognized rules of practice to suppose that a motion for a new trial can be made when the time for both an appeal and writ of error have elapsed.

In this we fully agree; but it is also quite as contrary to recognized rules of practice in courts proceeding under the common law or statutes differing from ours in their provisions on the point, to allow motions for new trials after judgment.

By the practice at common law, judgment was not entered till the next term after trial had, and then on notice, and all motions for new trials were required to be made within the first four days of such term, which ensured their being made before judgment. 2 *Bl. Com. B.* 3, *ch.* 24, *p.* 387, 392. So in New York before the code, a motion for a

Conklin v. Hinds.

new trial could not be made after judgment even in cases of newly discovered evidence   *Jackson vs. Chase*, 15 *Johns.* 354.   Such is the rule now, except by leave of court.   After judgment entered the only remedy is by appeal. *Hastings vs. McKinley*, 3 *Code Rep.*; *Jackson vs Fassitt*, 9 *Abb. Pr. Rep.* 137.; 17 *Howard Pr. Rep.* 453.

So in chancery, applications for a rehearing must be made before enrollment of the decree, that is, before it becomes a record.   2 *Daniell's, Ch. Pr.* 1554; *Clapp vs. Thaxter*, 7 *Gray*, 384 ; *Thompson vs. Goulding*, 5 *Allen* 81.

*The Gen. Stat. ch.* 66, *sec.* 222 would appear to require that when the case has been tried by a jury, motions for a new trial should be made before judgment

But no provison for any such stay of judgment as therein allowed, is made with respect to trials by referees or the court, upon whose report or decision judgment may be entered immediately without notice to the adverse party, and which may be filed in vacation as well as in term.   Although by sec. 240 the provisions regarding trial by jury are to apply so far as in their nature applicable to trials by the courts or referees, this would not cover reports and decisions filed in vacation.

In practice, therefore, no opportunity might be offered for such motion before judgment.   In *Groh vs. Bassett* the court held that a motion for a new trial on the ground that the evidence was not sufficient to support the decision and that it was against law, must, where the decision was made in vacation, be made as soon as possible after notice thereof and before judgment.

This rule was adopted as the one nearest in analogy to the statute rule, on motions for new trials on such grounds in trials at term, viz : that such should be made in open court immediately after verdict or other decision rendered;

which provision is now repealed. *Comp. Stat. p.* 561, *sec.* 61.

The court in that case, however, appear to overlook the contingency above adverted to, viz: that judgment may be rendered before the adverse party can possibly have notice of the decision. This, plaintiff also overlooks when he suggests that defendant should have made his motion at the earliest opportunity and before judgment. No such opportunity may have been afforded him

The New York code also allows judgment to be entered immediately on the report of the referee or decision of the court without notice to the adverse party, but it provides for a review of questions of fact or law by appeal, upon exceptions or case settled within ten days after notice in writing of the judgment and in no other manner. *Voorhies code,* sec. 267, 268 ; 3 *Abb. Pr Rep.* 371; 11 *How. Pr. Rep.* 465.

But our statutes expressly authorize reports of referees and decisions to be vacated and new trials to be granted on motion therefor. *Gen. Stat. ch.* 66 *sec.* 235.

We cannot, in the face of this express provision, say that the only remedy of the party aggrieved is by appeal from the judgment; though such a conclusion would seem logically to follow from the opinion in *Ames vs. Miss. Boom Co.*, 7 *Minn* 467 ; and although a motion for a new trial in respect of such matters as are here in question, has been in effect held to be unnecessary, for the reason that all the parties' rights can be secured by an appeal from the judgment rendered on a report or decision *Cooper vs. Breckinridge*, 11 *Minn.* 341. But the statute gives the right to move for a new trial upon the report of the referee or decision of the judge, and allows no opportunity to make such motion before judgment. The party aggrieved must therefore neces-

sarily have the right to make it after judgment.   At common law and in the chancery, the time of making it was matter of practice regulated by rule of court.   It remains so unless the statute has regulated the practice.   And since it has not done so in this instance, and the district court has adopted no general rule in this respect, it must be for the judge, before whom such motion is made, to decide in each instance, whether or not it is made too late; a decision which we should not review, unless an abuse of discretion appeared.

It would certainly be such an abuse to entertain a motion for a new trial, after the time for appeal from the judgment had expired; but if made prior thereto, it would seem not to be too late unless laches appeared; for an appeal from the judgment may, and will almost inevitably, involve under our practice a reversal after the time for appeal has expired, and there can be no objection to doing *indirectly* what can be done *directly*.   In this case the motion was made within the year for appealing from a judgment, and at the next general term after defendant had got the record perfected.

We think it was made in time.

Order denying new trial reversed.