BRADLEY SALT COMPANY, RESPONDENT, *v.* EDWARD F. KEATING, APPELLANT.

*Supreme Court cannot enjoin, upon motion, an action in the Court of Common Pleas — remedy against an irregular judgment — motion to compel an election — cross-action.*

A corporation commenced an action, of which the venue was laid in Wyoming county, for the recovery of damages upon a contract, against one Keating, who appeared therein. Soon afterwards Keating began an action, in the Court of Common Pleas of the city and county of New York, against the corporation for a balance alleged to be due to him by it upon the same contract In the last-mentioned action Keating recovered judgment by default and issued execution. Upon papers showing that the corporation had never been duly served with the summons in the action in the Court of Common Pleas, the Supreme Court made an order in the first-mentioned action enjoining Keating from prosecuting any action for any cause of action which could be set off in the action brought in the Supreme Court, and especially from proceeding in the action in the Court of Common Pleas.

*Held,* that the Supreme Court had no power to make such an order.

That Keating, having begun his action in a court having jurisdiction of the subject-matter thereof, was acting lawfully in so doing; that if the Common Pleas judgment was irregular, a motion to correct or vacate it should have been made in that court.

That it was not within the power of the Supreme Court, upon motion, to stay proceedings upon a judgment in another court of co-ordinate jurisdiction; that if a stay of proceedings in an action in another court was desired, the remedy was by an equitable action in the Supreme Court.

That where a defendant brings a cross-action, based upon the same matters set up in his answer in a pending action, a motion to compel him to elect either to abandon his answer or his cross-action must be made in the cross-action.

APPEAL by the defendant Edward F. Keating from an order, entered in the office of the clerk of the county of Wyoming on the. 10th day of November, 1890, enjoining him from prosecuting any action against the plaintiff for any cause of action which could be set off or made a counter-claim herein, and especially from proceeding with a certain action in the Court of Common Pleas of the city and county of New York, in which judgment had been recovered against the plaintiff for $1,017, and from taking any steps or proceedings in said action, other than to reply to any counter-claim that the plaintiff in this action may plead in said action, or to oppose motions to vacate said judgment, and from proceeding to collect any execution thereon, and from filing any transcripts of the judgment therein.

*Henry & F. G. McCloskey*, for the appellant.

*M. E. & E. M. Bartlett*, for the respondent.

LEWIS, J. :

The respondent commenced this action against the appellant on the 26th day of September, 1890, to recover damages against defendant for the non-fulfillment of a contract between the parties for the sale, by the defendant to the plaintiff, of a quantity of salt-works' fittings or supplies.   The place of trial is in the county of Wyoming.   The defendant appeared in the action ; the complaint had not been served at the time of granting the order appealed from.

After the commencement of this action, and after his appearance therein, the appellant commenced an action against the respondent in the Court of Common Pleas of the city and county of New York, to recover the balance of the purchase-price claimed to be due from the respondent for said goods sold.   He caused judgment to be entered by default against the respondent in that court for the sum of $1,017, and issued execution to collect the same.

Forming part of the judgment-roll was the affidavit of one John E. Hogan, showing that he served the summons and complaint in that action by delivering the same to Walter H. Bradley, the treas-

urer of the defendant in that action, in the city of New York on the 7th day of October, 1890.

The plaintiff in this action moved this court at a Special Term thereof held in the city of Buffalo, for the order appealed from.

It was made to appear, by the papers read upon the motion, to the satisfaction of the court, that the summons and complaint in the Common Pleas action were not, in fact, served upon the defendant therein, that the judgment was irregularly entered. The order appealed from was granted, enjoining defendant from prosecuting any action for any cause of action which could be set off or made a counter-claim in this action, and especially from proceeding in the action in New York.

Courts of equity have frequently restrained the prosecution of actions in that court, when the subject matters in dispute could all be adjusted in a pending action between the same parties. And the same power has been exercised in actions at law where there were especial equitable grounds warranting the exercise of the equity powers of the court.

It is a general rule that equity will not restrain an action at law where the plaintiff has only a legal defense. (*Liftchild* v. *Smith,* 7 Robt., 306; *McCarthy* v. *Peake,* 9 Abb. Pr., 164.)

The appellant commenced his action in a court having jurisdiction of the subject-matter. This he had a legal right to do, and we fail to see that he violated, in so doing, any legal or equitable right of the respondent. It is true that the whole controversy can be adjudicated in the Wyoming county action, but what equitable right of the respondent is violated by allowing the appellant to proceed to collect his judgment? Respondent prefers that the question should be tried at its home. The appellant naturally wishes to carry on the litigation at his home.

There is still another reason why the order should not have been granted. Judgment had been entered against the respondent in the Common Pleas Court. True the Special Term Court was satisfied by the papers read upon the motion that it was irregularly entered, that that court never got jurisdiction of the defendant in that action, but the Special Term of the Supreme Court was not the tribunal to adjudicate that question. The Common Pleas Court should have been moved to correct or vacate its judgment.

(*The N. Y. and Harlem R. R. Co.* v. *Haws*, 56 N. Y., 175.) The appellant having a judgment in a court of co-ordinate jurisdiction with the Supreme Court, it was not in the power of the Supreme Court, upon motion, to stay proceedings in that court. If the New York action was to be stayed by the Supreme Court an equitable action should have been instituted for that purpose. Where a defendant brings a cross-action upon the same matter set up in his answer a motion to compel him to elect either to abandon his answer or his cross-action should be made in the cross-action. (*Farmers' Loan and Trust Co.* v. *Hunt*, 1 Code Rep. [N. S], 1; *Wright* v. *Delafield*, 11 How., 465, end of case.)

The order appealed from was, we think, improperly granted and it should be reversed, with ten dollars costs and disbursements of the appeal against the respondent, and the motion is denied, with ten dollars costs.

DWIGHT, P. J., and MACOMBER, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements and the motion denied, with ten dollars costs.