CHARLES CLOSE *vs.* M. CROSSLAND.

December 16, 1891.

Sale of Chattels—Implied Warranty—Title—Incumbrances.—A vendor in possession of personal property, which he undertakes to sell as his own, impliedly warrants that he has title to it, and that it is free from incumbrances.

Same—Exchange.—A warranty of title may be implied in a contract of exchange as upon a sale of personal property.

Same—Warranties, when Broken.—Where it is incumbered, the vendee cannot recover anything more than nominal damages until he has paid the amount of the incumbrance, or he has been deprived of the possession; and, as respects an adverse claim, the warranty of title is not broken until an ouster or a surrender to the paramount claim of the true owner.

Same—Form of Action—Damages.—The proper and usual form of action is for the breach of warranty, and the damages are the actual loss, which is the value of the property purchased.

Same—Requisites of Rescission.—For the purposes of rescission it is sufficient that the vendee of personal property, the title to which has failed, should notify the vendor of his intention to rescind, and to return or offer to return the property.

Same—Premature Action by Buyer.—Where the vendee of mortgaged property does not surrender the same upon the demand of the mortgagee,

but defends an action brought by him for the recovery thereof, an action by him against the vendor for damages or to recover the consideration paid is premature while the suit by the mortgagee is still pending.

**Same—Taking from Buyer in Replevin Suit.**—And the provisional taking of the property in claim and delivery before the determination of the principal action decides nothing as to the title, and is not an eviction warranting an action by the vendee before the decision of the principal suit.

Action brought in the district court for Morrison county, to recover possession of a horse. At the trial, before *Searle,* J., the plaintiff had a verdict for possession of the property, or for its value assessed by the jury at $125. He appeals from an order granting a new trial.

*Taylor, Calhoun & Rhodes,* for appellant.

*F. W. Lyon, R. S. Clarke,* and *A. P. Blanchard,* for respondent.

VANDERBURGH, J.[1] The plaintiff exchanged the horse in controversy here with defendant for a span of ponies. It turned out that the ponies were mortgaged, of which fact the parties were ignorant, they having been brought from another county. The mortgage was overdue, and was given to secure the sum of $450 and interest, and included other property. Within a few days after the trade the mortgagee demanded possession of the ponies of the plaintiff, and the evidence in the case tends to show that he immediately, upon the same day, notified defendant of the claim, and offered to return the ponies, and demanded the horse in controversy and a rescission of the bargain, which defendant refused. Subsequently the ponies were taken from plaintiff by the mortgagee, in proceedings under the statute for claim and delivery, in an action to recover the same; and plaintiff, claiming the right to recover his horse as upon a rescission, brings this action for the possession thereof. The plaintiff answered in the suit brought by the mortgagee against him, and that action is still pending and undetermined.

1. A seller of personal property, actually or constructively in his possession, which he undertakes to sell as his own, impliedly war-

---

[1] Collins, J., took no part in this case.

rants that he has title to the property, and that it is free from incumbrance; and the vendor of incumbered property is liable to the purchaser for the amount which the latter is compelled to pay to discharge the incumbrance, in order to retain the property, or he may recover its value on being lawfully deprived of the possession. *Hunt* v. *Amidon*, 4 Hill, 345–348. In the case of an incumbrance there is a technical breach immediately, but the vendee cannot recover anything more than nominal damages until the amount of the incumbrance is paid, or he has been deprived of the possession. As respects an adverse title, according to the best authority, the warranty of title is not broken until an ouster or a surrender to the paramount claim of an adverse owner. The vendee may yield the possession upon the compulsory demand of the true owner, and recover the value of the property from his vendor by affirmatively establishing the defect in his title. Hence it is sometimes styled a "warranty of quiet possession," since it is broken only when the vendee is in some way disturbed in his possession. 2 Kent, Comm. (13th Ed.) *478, and note. Possibly, as suggested by the court in *Case* v. *Hall*, 24 Wend. 102, the owner may never enforce his title, or the seller may adjust the claim. The breach implies no bad faith, and is therefore compatible with fair dealing; and the indemnity is complete by responding therefor after a recovery under the paramount title. The action is usually brought for breach of warranty. The damages are the actual loss, which is the value of the chattel purchased.

2. In this case, however, the action, based upon the alleged rescission, is for the recovery of the consideration,—the horse given in exchange for the ponies, or its value, if a recovery of the specific property cannot be had; and if there could be, in law, no rescission upon the facts in the case, or there was none in fact, the suit must fail. There is no doubt that a warranty of title may be implied in a contract of exchange as upon a sale of personal property. In the case of a warranty of quality of personal property, and where the contract is executed by delivery and acceptance of the property, the rule is that the vendee is not entitled to return the same and rescind the contract for a breach of the warranty, except in cases of fraud, or unless it is so stipulated in the contract. *Knoblauch* v. *Kronschnabel*,

18 Minn. 272, (300.) There the title passes, and, though there is a breach of the contract, there is not an entire failure of the consideration for the purchase, and that is the ground upon which the plaintiff must rest his right to rescind in this action. If there be a partial performance, and there may be compensation in damages, the contract is not put an end to. 2 Chit. Cont. 1092. Now, in this case, an entire failure of the consideration is not shown, and we need not consider whether, under a different state of facts, the plaintiff might have rescinded the original contract of sale or exchange, and brought replevin for his horse. Upon the general question of the remedy of the buyer in such cases courts differ, but the doctrine more generally accepted is that the action should be solely upon the contract of warranty. The following authorities may be referred to as bearing upon the subject: *Hunt* v. *Sackett,* 31 Mich. 18; *McGiffin* v. *Baird,* 62 N. Y. 329; Story, Sales, § 421; *Carter* v. *Walker,* 2 Rich. Law, 40; Hilliard, Sales, (3d Ed.) 417; 2 Suth. Dam. 418; 2 Kent, Comm. *470, *476; Newm. Sales, § 386, and cases.

When this action was brought it is true that the plaintiff had notified the defendant of the claim of the mortgagee, and had offered to return the property. This was all that was required on that branch of the case for the purposes of a rescission. The offer was seasonably made, and it was all that was necessary to enable the defendant to take upon himself the defence of the title and to protect his own interests. But the tender was refused, and the defendant denied the validity of the adverse claim, and stood upon the contract as made. The mortgage had not been foreclosed. It included a large amount of other property. There is nothing to show the real amount of the incumbrance on the ponies, or that a valuable interest did not pass by the sale. Plaintiff did not yield to the demand of the mortgagee, and has never surrendered the property, but he is still litigating the title with him. He cannot maintain this action while that is pending. There has been no eviction or taking equivalent to an eviction. The taking in claim and delivery is merely provisional, and the property is held to await the result of a litigated suit under a bond for its return to plaintiff, if he succeeds in his defence. No proof of loss or failure of consideration has been shown, because a breach of the

warranty is not established. *O'Brien* v. *Jones*, 91 N. Y. 193. This action, at any rate, was prematurely brought. *McGiffin* v. *Baird*, 62 N. Y. 329.

Order affirmed.