NORTHERN PACIFIC RAILWAY COMPANY v. E. G. HOLMES.[1]

January 30, 1903.

Nos. 13,227—(221).

### Promissory Note—Consideration.

Where the ownership of trees cut from land is asserted by a claimant thereto against a person removing the same, and in settlement therefor a note is given to the claimant of the land by the alleged trespasser, such a settlement is a sufficient consideration for the note.

### Premature Plea.

In· an·action on such note it is premature to plead failure of consideration thereto until some third party has, in an action against the

[1] Reported in 93 N. W. 606.

maker of the note, deprived the latter of the benefits which have inured to him by the settlement.

Action in the district court for Becker county to recover from defendant $2,500 and interest upon a promissory note. The case was tried before Baxter, J., who, upon the conclusion of the testimony, directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Harris Richardson*, for appellant.

*C. W. Bunn* and *L. T. Chamberlain*, for respondent.

LOVELY, J.

September 14, 1896, defendant gave a promissory note to William H. Phipps, land commissioner of the St. Paul & Northern Pacific Railway Company, due on December 1, following. The payee indorsed and transferred the note to the plaintiff, who seeks to recover thereon. Defendant pleaded failure of consideration. At the close of the evidence the court ordered verdict for the plaintiff. This appeal is from the denial of a motion for a new trial.

At the time the note was given, defendant held a valid claim against plaintiff for $13,000, which had been assigned to the First National Bank of St. Paul. The plaintiff company declined to pay the account at the bank for the reason that it held a demand against the firm of Holmes & Brown, of which defendant was a member, for $4,000 for timber claimed to have been cut and removed by such firm from the indemnity lands of the St. Paul & Northern Pacific Railway Company under a grant from the general government, which had previously been sold and transferred to the plaintiff. The bank notified the defendant of plaintiff's demand. Defendant called upon the plaintiff's treasurer, who referred him to Phipps (the payee of the note). He then went to Phipps, who presented an itemized account for timber claimed to have been cut on two sections of land within the indemnity limits referred to by Holmes & Brown, and demanded a settlement therefor. Defendant examined the account, and agreed upon a settlement therefor, paying $1,543.84 in cash, and gave the note

in suit for $2,500 in acquittance and discharge of the claim thus made by the plaintiff.

The facts above stated are not disputed, but the contention of defendant is that the plaintiff did not own the land from which the stumpage had been removed, and he now insists that for that reason the consideration for the $2,500 note has entirely failed. Defendant endeavored to establish this claim by an attempt to prove failure of title to the land in the St. Paul & Northern Pacific Railway Company, plaintiff's grantor. The only evidence offered by defendant upon this claim was a certificate from the register and receiver of the St. Cloud land office, the district within which the stumpage was situated. The effect of this certificate, if admissible, would show that no patent to the railroad company had previous to the giving of the note been forwarded by the general government to that office for delivery. The land from which the stumpage was removed had been selected by the railroad company under the acts of congress, but whether the company had offered sufficient proof to establish its rights to a patent we do not regard as determinative of the questions involved here. The note upon its face imported a consideration. Its introduction in evidence established a prima facie case, and it follows that the order of the trial court must be sustained unless it can be shown that the consideration therefor had wholly failed, on which issue the burden was upon the defendant.

We are very clear that the certificate of the local land office that the patent had not been forwarded did not tend to show that the plaintiff had no valuable interest or right in the two sections of land involved, for it is not required under the land laws of the United States that patents for lands granted by the government must be sent to the local land offices for delivery. While this course is generally pursued, it is not universal, nor required by law. But a more conclusive answer to defendant's contention that there was no consideration for the note lies in the indisputable fact disclosed by the evidence that the plaintiff presented a demand for valuable timber which had been cut upon property to which it asserted ownership, and, basing its claim upon that ground, demanded compensation for the stumpage which defend-

ant had removed. Defendant yielded to this demand, thus assenting to the asserted right of ownership of the timber by the plaintiff, and gave the note sued upon in liquidation of the demand. This settlement would have been a bar to an action which the railroad company might thereafter bring for the value of the timber. There was an implied warranty of title by the company of such timber, and as between the parties the defendant is estopped to say that the company did not own the personal property which defendant had taken from the land until there had been a deprivation of his possession or an interference with his rights thereto by a third party. Close v. Crossland, 47 Minn. 500, 50 N. W. 694. It is not essential, in transferring personal property, that more should be done than to deliver possession thereof or give a bill of sale therefor. The ownership of timber cut from land is not established in the same way that the title to land is made out in ejectment, as is well known, and the settlement of the disputed claim as between the parties in this case was a valuable consideration for the note. This is elementary, and too plain to need further discussion.

Order affirmed.