## W. G. JORDAN v. C. E. VAN DUZEE.[1]

December 28, 1917.

No. 20,671.

**Sale — implied warranty of title.**

1. There is an implied warranty of title applicable, in the absence of an express warranty, to all sales of personal property by the person in possession who assumes the right to sell it as his own.

[1]Reported in 165 N. W. 877.

**Same — waiver of breach of warranty.**

2. There is no waiver of a breach of such a warranty where the vendee, without coercion by judicial process, on demand surrenders the property to the holder of a title superior and paramount to that of his vendor.

**Same — adverse title — burden of proof on vendee.**

3. The vendee may in such case determine the validity of an outstanding title in his own way, but has the burden of establishing the same when necessary to support an action against his vendor for a breach of the warranty of title.

**Contract — description of property sold — verdict sustained by evidence.**

4. The evidence *held* to justify a finding by the jury that an adding machine was included within the general description of the property transferred by the contract involved in this action.

**Pleading — evidence.**

5. The complaint states a cause of action and the evidence justifies the verdict.

Action in the municipal court of Minneapolis to recover $325, the value of a Burroughs adding machine. The answer denied specifically that defendant ever owned or sold plaintiff a Burroughs adding machine or that any adding machine was part of the property of the Superior Electric Manufacturing Company; alleged that if the adding machine had been any part of the property of said Superior Electric Manufacturing Company at said time, it was duly reserved under the terms of the agreement of December 28, 1914, and was never sold to plaintiff at any time, and alleged that if plaintiff delivered any adding machine to the Burroughs Adding Machine Company it was so done voluntarily, and not as alleged in the complaint. The case was tried before Charles L. Smith, J., who denied defendant's motions for a directed verdict, and a jury which returned a verdict for $300. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Trafford N. Jayne,* for appellant.

*J. H. Morse,* for respondent.

BROWN, C. J.

The facts in this case briefly stated are as follows: By a contract between the parties of date December 28, 1914, defendant, who was engaged in business under the name of Superior Electric Manufacturing Company, sold and delivered to plaintiff certain personal property, then being upon and within the premises and place of business of the company, and described in the written contract of sale substantially in the following language:

All the business and good will of said Superior Electric Manufacturing Company, including all machinery, furniture, fixtures, material and equipment of said company, except certain furniture and a typewriter and desk in that part of the premises occupied by defendant as a private office, and certain specified stock and material, and also certain dies and printing material belonging to the Bing Manufacturing Company.

At the time the contract was entered into, and when the premises and property were turned over and delivered to plaintiff, there was among the various items of property forming the equipment of the company an adding machine of the alleged value of $325. This machine was subsequently claimed by the Burroughs Adding Machine Company, the manufacturer thereof, and after due inquiry into the merits of the claim plaintiff surrendered the machine upon its demand therefor. Plaintiff thereafter brought this action to recover the value of the machine, as for the alleged breach of defendant's warranty of title. He had a verdict in the court below, and defendant appealed from an order denying his alternative motion for judgment or a new trial.

It is contended by defendant: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that the evidence does not justify a finding that the adding machine was included in the sale to plaintiff of the electric company equipment; (3) if the evidence be held sufficient to justify such a finding, then that plaintiff waived any right to complain of the failure of title by voluntarily surrendering the machine to the Burroughs Company; and (4) that the court erred in not granting a new trial on the ground of newly discovered evidence.

1. We discover no substantial objection to the complaint. Properly construed it alleges the sale and delivery to plaintiff of the property and equipment of the electric company, with a warranty of title; that the

adding machine was included in and was a part of the property so sold, though it was not in fact the property of defendant, but belonged to the Burroughs Company; that upon demand by that company plaintiff surrendered the possession of the machine, to his damage in the sum of $325, the alleged value thereof. The facts so pleaded clearly show a right of action for the breach of defendant's warranty of title to the machine. The action is in contract, not in tort, and allegations of fraud and deceit are unnecessary. And though the complaint contains no allegations showing an express warranty of title, by representations to that effect, the case as made by the allegations stated, as well as by the evidence given at the trial, is controlled by the rule of implied warranty applicable, in the absence of an express warranty, to all sales made by the person in possession of personal property, who assumes the right to and does sell it as his own. Davis v. Smith, 7 Minn. 328 (414); Close v. Crossland, 47 Minn. 500, 50 N. W. 694; Northern Pacific Ry. Co. v. Holmes, 88 Minn. 389, 93 N. W. 606; Williston, Sales, § 218. We therefore pass the objections to the complaint as not of substantial merit.

2. There may be some doubt whether defendant intended to include the adding machine in the sale, but our examination of the record leads to the conclusion that the solution of that doubt was an issue for the jury and the trial court. It is clear that the machine was upon the premises of the electric company at the time of the sale, and apparently a part of the equipment in use by that company. The evidence does not show that defendant pointed it out as a part of the property to be transferred; nor does it appear that any other of the various articles were so pointed out. The sale was in bulk and no inventory thereof was taken. But the evidence does show that plaintiff was aware of the presence of the machine and it was taken into account by him in estimating the value of the property, taken as a whole. The description of the property sold is broad enough to include the machine, and the fact that defendant did not own it is important only as it may bear upon his intentions in the transaction. Presumptively he intended to include the machine, for it was present as a part of the property sold, and was not expressly excluded as were other articles of property not belonging to him. Plaintiff purchased with knowledge of the presence

of the machine among other items of equipment, at least the jury were justified in so finding, in view of which defendant is in no position to urge that he did not in fact intend to sell it.

The further point in this connection, that the machine was in the defendant's private office, therefore within one of the exceptions stated, was for the consideration of the jury. The evidence thereon is not such as to justify interference by this court.

3. The contention that there was a voluntary surrender of the machine by plaintiff, hence a waiver of the breach of the warranty of title, is not sustained. There was in fact an outstanding paramount title in the Burroughs Company. This is conceded by defendant. That company asserted its title and demanded possession, and to avoid a lawsuit, as plaintiff testified, he delivered the machine over to such owner. No action was brought against plaintiff, though the Burroughs Company did bring suit therefor against defendant. But, with the outstanding paramount title facing him, plaintiff was not required to await the appearance of judicial process to gain possession of the machine. He had the right under the rules of law applicable to the situation to determine for himself the merits of the outstanding claim, at his peril, of course, and act thereon. The only effect of pursuing that course in a case of this kind is that in an action against the vendor for a breach of the covenant of title the vendee must assume the burden of establishing by clear evidence the validity of the adverse claim. This burden can be avoided by refusing a surrender to the claimant, thus putting him to an action to recover the property. In such case the vendor may be notified of the suit and requested to defend the same, and, if he refuses, the judgment therein will be conclusive against him in a subsequent action by the vendee. But he waives no rights against the vendor by surrendering the property on demand to the holder of the superior title.

This is well settled as the prevailing rule in this country. 15 Am. & Eng. Enc. (2d ed.) 1252; Williston, Sales, § 221; 2 Mechem, Sales, § 1796; Johnson v. Oehmig & Wiehl, 95 Ala. 189, 10 South. 430, 36 Am. St. 204; Bordwell v. Collie, 45 N. Y. 494; McGiffin v. Baird, 62 N. Y. 329; Hodges v. Wilkinson, 111 N. C. 56, 15 S. E. 941, 17 L.R.A. 545; Clevenger v. Lewis, 16 Ann. Cas. note page 64; Matheny v. Mason,

73 Mo. 677, 682, 39 Am. Rep. 541. The case of Close v. Crossland, 47 Minn. 500, 50 N. W. 694, does not hold to the contrary. All that is said in that case is that there must be a surrender to a compulsory demand by the true owner. There is such compulsory demand within the meaning of the law when the true owner presents his claim and establishes his paramount title. Cahill v. Smith, 101 N. Y. 355, 4 N. E. 739.

4. The newly discovered evidence made the basis of defendant's motion for a new trial is cumulative, if not wholly impeaching in character, and not of such probative force as to justify us in holding that the trial court abused its discretion in denying the motion. 2 Dunnell, Minn. Dig. §§ 7123, 7129. The charge of the court, of which complaint is made, presents no reason for a new trial. The record discloses evidence which supports the instructions, and there was therefore no error in submitting the particular phase of the case to the jury. Whether the testimony gave out the truth was for the jury to determine.

Order affirmed.